MORGAN *v.* CHEVROLET MOTOR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—UNAP-
PROVED FINAL SETTLEMENT RECEIPT INEFFECTIVE.

Where agreement by employer to pay injured employee com-
pensation was made by parties and approved by department
of labor and industry, final settlement receipt signed by em-
ployee but not approved by department was ineffective to dis-
continue compensation, and therefore petition for further com-
pensation, not being employee's proper remedy, was properly
denied.

Certiorari to Department of Labor and Industry.
Submitted April 21, 1931. (Docket No. 54, Calendar
No. 35,383.)   Decided October 22, 1931.

Coy M. Morgan presented his claim against
Chevrolet Motor Company, division of General
Motors Corporation, for an accidental injury while
in defendant's employ. Plaintiff brings certiorari
to review order denying further compensation.
Affirmed.

*W. J. Nash,* for plaintiff.

*J. G. Stevenson,* for defendant.

McDONALD, J. The plaintiff reviews by certiorari
an award of the department of labor and industry
denying compensation.

On April 19, 1929, the plaintiff suffered an acci-
dental injury to his right foot and leg while employed
by the defendant as an electrician. An agree-
ment was entered into with the employer and

approved by the department providing for the payment of compensation at $18 a week. Under this agreement compensation was paid in the sum of $42. A final settlement receipt was signed by the plaintiff and filed, but it was not acted on by the department. On the 13th of May, the plaintiff was taken back to work at light employment but at the same wages received before the accident. He continued this work until July 6th, when he was laid off. On November 29, 1929, he filed a petition for further compensation. A hearing was had before a deputy commissioner, who denied further compensation on the ground that:

"The plaintiff having failed to establish by competent proof that the disability he now has as a result of the accidental injury he suffered on April 19, 1929, is any different than it was when he signed a final settlement receipt, that plaintiff's claim for further compensation in this cause should be and the same is hereby denied."

On appeal, the award of the deputy commissioner was affirmed.

It is clearly apparent that in denying compensation both the department and the deputy were of the opinion that they had no power to rehear the case, but could award additional compensation only on a showing that there was a change for the worse in plaintiff's condition since the signing of the final settlement receipt. There was authority for that opinion because of the decision of this court in *Richards* v. *Rogers Boiler & Burner Co.,* 248 Mich. 155. But subsequent to the award a rehearing was had in the *Richards Case* and the former decision modified, the court holding (252 Mich. 52) that the final settlement receipt, not having been approved, was ineffective; and that it was the duty of the

department to hear the case and determine whether compensation should be stopped, decreased, or increased.

But the department reached the right conclusion in the instant case. An agreement to pay compensation was made by the parties and approved by the department. The final settlement receipt, not having been approved, was ineffective and did not discontinue compensation under the original agreement. *Lacombe* v. *Birds Eye Veneer Co.,* 254 Mich. 233. That agreement is still in force. He may sue on it in the circuit court; provided, however, that such right shall be held in abeyance pending the hearing and determination of any proceeding that may be instituted by or before the commission touching the right to compensation.

The award denied further compensation. It is affirmed.

WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, C. J., did not sit.