GROLEAU v. FORD MOTOR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—APPROPRIATE REMEDY—CONTINUING DISABILITY.

Where agreement by employer to pay injured employee compensation during total disability was approved by department of labor and industry, and settlement receipt was filed but not approved by department, petition for further compensation growing out of same accident, not being proper remedy, should have been denied.

Appeal from Department of Labor and Industry. Submitted October 8, 1931. (Docket No. 61, Calendar No. 35,883.) Decided January 4, 1932.

As to review of weekly payments to injured employee, see annotation in L. R. A. 1916A, 163; L. R. A. 1917D, 186.

Fred Groleau presented his claim against Ford Motor Company, for an accidental injury while in its employ. From award made on petition for further compensation, both parties appeal. Reversed, and order set aside.

*Derham & Derham,* for plaintiff.

*E. C. Starkey,* for defendant.

SHARPE, J. On January 20, 1922, the plaintiff, while in the employ of the Michigan Iron, Land & Timber Company, defendant's predecessor, as a top loader, was injured by having his foot crushed. A report of compensable accident was made by the company, followed by an agreement to pay $14 per week during total disability. This agreement was approved by the commission on February 17, 1922, and payments to the amount of $522.67 made thereunder. Settlement receipts were thereafter filed, but not approved.

On December 14, 1925, it became necessary to amputate two of his toes, and an agreement was entered into on February 17, 1926, for the payment of $14 per week for 40 weeks, approved by the commission on February 26th of that year. A receipt for such payment to the amount of $560 was subsequently filed, but not approved.

On October 13, 1926, amputation of the foot became necessary, and an agreement was entered into on November 10th for the payment of $14 a week for 85 weeks, and approved by the commission on December 23d of that year. A receipt therefor, acknowledging payment in the amount of $1,190 to May 30, 1928, was filed, but not approved. The total amount thus paid on account of said accident was the sum of $2,272.67. It appears that the defendant also furnished him an artificial foot.

On July 31, 1930, the plaintiff filed a petition for further compensation, in which he stated that he was injured on January 20, 1922, and was paid compensation therefor for about three months; that since that date ''he has been disabled in the employment in which he was engaged at the time of the said injury and is entitled to further compensation;'' that ''his condition gradually grew worse until it was necessary to amputate said foot (toes) on or about December 14, 1925,'' and prayed ''that he be granted such relief as he is entitled to under the workmen's compensation law of Michigan'' (2 Comp. Laws 1929, § 8407 et seq.).

The deputy commissioner made an award of $14 per week for 203 weeks (from January 20, 1922, to December 14, 1925) and 3½ weeks (from September 18, 1926, to October 13, 1926), less the sum of $522.67 received by him, in all, $2,368.33. On review before the commission, it applied the statute of limitations to all sums collectible under the settlement agreement approved by it on February 17, 1922, before the hearing of the application for further compensation, and made an award in the sum of $455. Plaintiff appeals.

The agreement first entered into and approved by the commission on February 17, 1922, provided for payment during total disability. The petition for further compensation alleged disablement since the date of his injury on January 20, 1922. Under our recent holding in Morgan v. Chevrolet Motor Co., 255 Mich. 602, it should have been denied. As the defendant has also taken an appeal, the award made by the commission is reversed and set aside.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.