RICHARDS v. ROGERS BOILER & BURNER CO.

ON REHEARING.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—AWARD
   BY DEPARTMENT IS ADJUDICATION.
   Award of compensation by department of labor and industry
   determines liability of employer and extent of relief afforded
   employee, and is, in effect, an adjudication.

2. SAME—AGREEMENT APPROVED BY DEPARTMENT EQUALS AWARD.
   Agreement between employer and employee fixing compensation
   is, when approved by department, equal to award made by
   department.

3. SAME—AGREEMENT FOR STOPPAGE NONEFFECTIVE UNTIL APPROVED.
   Where award of compensation has been made to employee either
   by department of labor and industry or by agreement between
   employer and employee approved by department, compensation
   runs its set course unless stopped by department, and although
   parties may, by settlement receipt, agree to stoppage, it is
   noneffective until approved by department; overruling hold-
   ing in former opinion (248 Mich. 155).

4. SAME—DUTY OF DEPARTMENT TO ACT ON SETTLEMENT RECEIPT.
   When settlement receipt properly executed is filed with depart-
   ment and action thereon requested, it is duty of department to
   accord hearing.

Certiorari to Department of Labor and Industry.
Submitted June 7, 1929. (Docket No. 112, Calendar
No. 34,355.) Decided October 7, 1929. Resubmitted
April 8, 1930. Decided October 28, 1930.

Freeley Richards presented his claim for compen-
sation against the Rogers Boiler & Burner Company
for an accidental injury in defendant's employ.
From an order awarding further compensation upon
petition of plaintiff, defendant and State Accident
Fund, insurer, bring certiorari. Affirmed on rehear-
ing; overruling holding in 248 Mich. 155.

Effect of agreement between employer and employee as to compen-
sation under workmen's compensation acts, see annotation in L. R. A.
1916A, 80; L. R. A. 1917D, 95.

*Harold H. Smedley* and *Wilber M. Brucker,* Attorney General, and *Charles Rubiner,* Assistant Attorney General, for plaintiff.

*Roy Andrus* and *Roy M. Watkins* (*Kerr, Lacey & Scroggie,* of counsel), for defendants.

ON REHEARING.

WIEST, C. J. In this case we granted a rehearing and reargument, and reconsideration leads us to confess error in our previous opinion, reported in 248 Mich. 155.

An award of compensation by the department of labor and industry determines liability of an employer and the extent of relief afforded an employee and is, in effect, an adjudication. An agreement between an employer and an employee fixing compensation is, when approved by the department, equal to an award made by the department. In either event the compensation runs its set course unless stopped by the department. The parties may, by settlement receipt, agree to stoppage, but, until such an agreement is approved by the department, it is noneffective.

When a settlement receipt, executed in form prescribed by the department, is duly filed with the department and action thereon requested, it is the duty of the department to accord a hearing.

Affirmed, with costs.

CLARK, SHARPE, and NORTH, JJ., concurred with WIEST, C. J.

POTTER, J. This case was before the court in *Richards* v. *Rogers Boiler & Burner Co.,* 248 Mich. 155, where the facts are stated and my views ex-

pressed. The question involved is the effect of a final settlement receipt. The workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.*) is not based upon the common law but is a departure from it. No lawyer who practiced prior to its adoption can forget the shock when this law was passed which held an employer might be liable when he was not at fault, permitted an employee to receive compensation when injured by his own fault or negligence, held an employer liable for injuries caused by the negligence not of himself but of fellow servants of the employee, and permitted an employee to recover compensation for injuries arising out of an employment entered into by him with knowledge of its dangerous character.

The object of the workmen's compensation act is to make the damages paid by the employer on account of the liability for accidental injuries to employees an operating expense, which constitutes a part of the cost of production and is reflected in the higher prices paid by consumers of a manufactured product. This object of the statute finds expression in section 5453, 2 Comp. Laws, which provides:

"All compensation paid or to be paid under this act by any employer, being an incorporated public board, or public commission shall be treated as part of the necessary operating expenses thereof."

The same rule which is made mandatory as to public employers, boards, and commissions, is applicable to private employers and institutions. The object of the act was not only to make the cost and expense of compensating injured employees a burden upon the business and a necessary operating expense entering into the cost of the manufactured product and paid by the consumers of that product, thus shifting the incidence of the burden to the con-

suming public, but it was in the nature of an insurance to the individual operative that he would certainly receive compensation fixed in accordance with the statute without the uncertainty and technicality growing out of common-law remedies.

Another purpose of the act was to shift the burden of supporting those crippled in industry upon the industry, and to relieve, in part at least, the general public from the burden of their support and the support of their dependents in case of death from industrial accident.

If a person suffers a compensable injury, like the loss of a finger or a hand, for which the statute fixes compensation, and that is paid in full and a final receipt taken, such receipt may be valid and binding without being filed with and approved by the department of labor and industry, not because of its terms, but because the compensation fixed by the statute has been paid in full and such receipt is *prima facie* evidence of payment.

It is said final receipts are not generally approved by the department of labor and industry. This may be true. The employee is not interested in such approval. The employer or his insurer is not likely to apply for such approval because an investigation by the department of labor and industry in many cases would demonstrate the final receipt ought not to be approved.

Such final receipt, though approved, would be no bar to further compensation due to a change of condition of the injured employee chargeable to the industrial accident.

The statute provides that the amount of compensation to which an injured employee is entitled shall be paid to him. He cannot assign it. It cannot be attached. It is not subject of garnishment. It may

not be held liable in any way for his debts. In case of insolvency of the employer it constitutes a first lien upon all the property of the employer paramount to all other claims or liens except for wages and taxes, and such lien may be enforced by order of the court.

This policy finds expression in section 5451, 2 Comp. Laws 1915, which provides:

"No payment under this act shall be assignable or subject to attachment or garnishment, or be held liable in any way for any debts. In case of insolvency every liability for compensation under this act shall constitute a first lien upon all the property of the employer liable therefor, paramount to all other claims or liens except for wages and taxes, and such liens shall be enforced by order of the court."

Not only this, but the statute, section 5450, 2 Comp. Laws 1915, as amended by Act No. 173, Pub. Acts 1921, provides:

"No agreement by an employee to waive his rights to compensation under this act shall be valid except that employees or their dependents as defined in subsection one of section seven, part one, may, after injury only, elect as provided in sub-section one of section seven, part one."

The only provision of the statute relating to final receipts is section 5458, 2 Comp. Laws 1915, which provides:

"If the employer, or the insurance company carrying such risk, or commissioner of insurance, as the case may be, and the injured employee reach an agreement in regard to compensation under this act, a memorandum of such agreement shall be filed with the industrial accident board, and, if approved by it, shall be deemed final and binding upon the parties thereto. Such agreements shall be approved

by said board only when the terms conform to the provisions of this act."

The receipt given in pursuance of this act provides it shall not be valid and binding unless approved by the department of labor and industry.

Section 5452, 2 Comp. Laws 1915, authorizes the redemption of liability for compensation by the payment of a lump sum, by agreement of the parties, but this is subject to the approval of the department of labor and industry.

No settlement can be made under this act without the approval of the board, and section 5458, 2 Comp. Laws 1915, expressly so provides. No final receipt has any binding force and effect when made by the parties alone. The State is a party to every proceeding before the department of labor and industry. The statute is a constitutional exercise of the police power. The employee is expressly prohibited by the language of the act from waiving his right to compensation, and compensation, when fixed, must be fixed in accordance with the statute. If the department of labor and industry, charged with the administration of the act, approve a final settlement, it is valid and binding, if in accordance with the act, but until so approved, it is not binding and conclusive. This must be so, if we are to give section 5458, 2 Comp. Laws 1915, and the other sections of the act force and effect. The receipt in question expressly provided it was not to be valid and binding unless approved by the department of labor and industry. The receipt was delivered, and until made operative by order of the board, it was of no binding force and effect. The delivery of a receipt upon an express condition, which condition is expressed in the receipt, is not valid and binding as a final settlement unless the conditions subject to which it was

made and delivered have been carried out and performed. There was ample evidence to sustain the findings of fact upon the part of the department of labor and industry. It said:

"A final settlement receipt does not occupy the same status as an award unless it is filed and approved by the commission. This receipt was filed but it was not approved. It lacks the second essential. The settlement receipt in this case has the same status as any ordinary receipt. Evidence is admissible to show that the circumstances stated therein, and the amount, do not constitute payment in full for the injury. In other words, if the receipt does not correspond to the facts in the case, or if plaintiff is still incapacitated due to the original injury, then compensation must be paid in accordance with his disability. However, he has the burden of proof in showing that the receipt is not in accordance with the facts."

This is in accordance with the rule of *Weidner* v. *Northway Motor & Manfg. Co.*, 205 Mich. 583, where it is said:

"Upon him rested the burden of proof to show both that he was entitled to have his case reopened and that not having recovered fully from the accidental injury he is entitled to further payment."

In *Foley* v. *Railway,* 190 Mich. 507, plaintiff sought compensation after having given a final settlement receipt in full. The receipt was not filed with or approved by the industrial accident board. It was held, notwithstanding such final settlement receipt, authority remained in the board to review the matter of weekly payment, diminish or approve of ending the same, as it found the facts warranted.

In *Kricinovich* v. *American Car & Foundry Co.,* 192 Mich. 687, defendant had agreed with plaintiff as to compensation. It petitioned for relief from

further payments unless plaintiff would submit to a surgical operation. It is said:

"The accident board in its award disregarded the agreement entered into between the claimant and defendant on January 6, 1915, for the payment after September 27, 1913, of two-thirds the compensation for total disability, and ordered compensation paid in full from that date. It appears that the memorandum of this agreement, which was merely a statement by the claimant, signed by himself and his attorney, that such a payment would be just and equitable, was not filed with the board, as required by section 5, pt. 3, Act No. 10, Pub. Acts, Ex. Sess. 1912 (2 Comp. Laws 1915, § 5458), which reads as follows:

" 'If the employer, or the insurance company carrying such risk, or commissioner of insurance, as the case may be, and the injured employee reach an agreement in regard to compensation under this act, a memorandum of such agreement shall be filed with the industrial accident board, and, if approved by it, shall be deemed final and binding upon the parties thereto. Such agreements shall be approved by said board only when the terms conform to the provisions of this act.'

"It was therefore not binding on the parties, and the board had a right to disregard it."

In *Winn* v. *Adjustable Table Co.,* 193 Mich. 127, plaintiff petitioned for an order setting aside a settlement entered into by him. It is said:

"Such an agreement may undoubtedly be reviewed by the industrial accident board upon a proper showing, under section 13, pt. 3, of the act (2 Comp. Laws 1915, § 5466), and the compensation ended, diminished, or increased in accordance with the law and the facts."

In *Dettloff* v. *Hammond, Standish & Co.,* 195 Mich. 117, the validity of a final receipt was challenged. It is said:

"It is urged that the State through its officials, the industrial accident board, is intrusted with the en-

forcement of the provisions of the act, and the spirit, as well as the letter of the law, prohibits the employer .and employee from frittering away its salutary provisions; that this is evidenced by the fact that while the act countenances and encourages agreements between the employer and employee with reference to compensation arising from accidental injuries, yet all such agreements are under the direct supervision of the State, and they must be filed with, and be approved by, the board, and that such approval may not be given unless the terms conform to the provisions of the act, and the contract is not final and binding upon the parties until filed with, and approved by, the board. We think this position well taken.''

In *Shaffer* v. *D'Arcy Spring Co.*, 199 Mich. 537, a receipt signed by plaintiff like that involved in this case was before the court. It was in the following language:

''This receipt means a final settlement. Do not sign it unless you intend to end payments of compensation and close the case.

''Received of Prudential Casualty Company of Indianapolis, Ind., the sum of one hundred thirty-eight dollars and no cents, making in all, with weekly payments already received by me, the total sum of one hundred thirty-eight dollars and no cents, in settlement of compensation under the Michigan workmen's compensation law, on account of injuries suffered by myself on or about the 15th day of June, 1914, while in the employ of the D'Arcy Spring Company of Kalamazoo, Michigan, subject to review and approval by the industrial accident board.''

In discussing it this court said:

''Two things appear to be necessary to make the agreement final. It must be filed and must also be approved by the board. The agreement in question

was filed but never approved. Obviously from the language of the act the legislature intended the board should exercise some discretion in the premises before permitting the agreement of the parties to become final. It does not appear that the board ever acted upon it or that it was ever requested to approve it. Until this is done the agreement is not final. *Foley* v. *Railway,* 190 Mich. 507; *Dettloff* v. *Hammond, Standish & Co.,* 195 Mich. 117.''

In *Brabon* v. *Gladwin Light & Power Co.,* 201 Mich. 697, it is said:

''In cases arising under the compensation act, it is the rule that the terms of any agreement made by the employer and employee or his dependent claimants, concerning compensation, to be binding, are subject to the approval of the industrial accident board, which will not approve settlements, or agreements therefor, not in conformity with the act. The agreement is not final and binding until filed with and approved by the said board.''

In *Adams* v. *W. E. Wood Co.,* 203 Mich. 673, it is said (quoting from syllabus):

''A settlement receipt obtained by defendant, but not filed and approved by the board, as required by the statute, is not conclusive upon it.''

In *Pocs* v. *Buick Motor Co.,* 207 Mich. 591, the court discussed *Shaffer* v. *D'Arcy Spring Co., supra,* and said:

''In that case it appeared that, while an agreement between the parties had been filed with the board, it had never been acted on by it, and it was held that 'until this is done the agreement is not final.' ''

In *Leitz* v. *Labadie Ice Co.,* 211 Mich. 565, an agreement entered into between the employer and

employee had been approved by the industrial accident board. It is said of the *Foley Case:*

"The original agreement approved by the board was for total disability of indefinite duration. The board had never approved its discontinuance and, acting in harmony with other provisions of the act, it had authority, under section 14, part 3 (2 Comp. Laws 1915, § 5467), to end, diminish or increase such payments on a review of the original award."

In *Norbut* v. *I. Stephenson Co.,* 217 Mich. 345, it is held: A direction by the industrial accident board that deferred payments be commuted to one or more lump sum payments presents no obstacle to a further review of weekly payments by the board.

In *Seem* v. *Consolidated Fuel & Lumber Co.,* 234 Mich. 637, defendant petitioned for reduction of compensation under an agreement. It is said:

"The record fairly discloses the fact that there never was an unconditional approval by the department of the settlement claimed for by defendant, and the authorities it relies upon therefore have no application. The department was within its rights and authority in retaining jurisdiction, and determining future compensation."

If the majority opinion in *Richards* v. *Rogers Boiler & Burner Co., supra,* stands, the cases above commented on are overruled.

It seems to be settled by the statute and the decisions of this court preceding *Richards* v. *Rogers Boiler & Burner Co., supra:*

*First.* That a written receipt may be explained by parol evidence and what was intended to be covered thereby shown. *Hart* v. *Gould,* 62 Mich. 262; *Custard* v. *Hodges,* 155 Mich. 361; *Paddock* v. *Hatch,* 169 Mich. 95. This rule applies to receipts in full

or final receipts as well as others. *McAllister* v. *Engle,* 52 Mich. 56.

*Second.* That by the express terms of section 5458, 2 Comp. Laws 1915, no settlement or agreement can be deemed final and binding on the parties unless filed with and approved by the department of labor and industry. The final receipt or agreement in this case was not presented to and approved by the department of labor and industry, and consequently is of no binding force and effect.

*Third.* The receipt itself provides it is not to be binding unless and until approved by the department of labor and industry. The receipt was delivered upon this express condition, and, this condition not having been complied with by either· of the parties, the case must be regarded as still open and the receipt as of no binding force and effect whatever, for the reason the conditions of the receipt itself under which it was to become operative have been disregarded and not complied with.

*Fourth.* It is apparent from the statute itself, section 5458, 2 Comp. Laws 1915, that even though the receipt given be presented to the department, the department itself is without power and authority to approve the settlement receipt unless its terms and provisions conform to the provisions of the statute itself.

The receipt in this case was not approved by the department of labor and industry, which is a necessary condition to its finality and binding force and effect, the condition upon which the receipt was signed has never been complied with, and the settlement does not conform with the provisions of the act. Under such circumstances, to claim the final receipt signed is binding upon the claimant violates the terms of the receipt and the terms of the statute,

and overrules the long line of decisions by this court. The award of the department of labor and industry is affirmed.

Butzel and McDonald, JJ., concurred with Potter, J. Fead, J., concurred in the result.