### GALLUP v. WESTERN BOARD & PAPER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—MEASURE OF EARNING CAPACITY.

   Injured employee's earning capacity must be tested by his ability to work in employment in which he was engaged at time of accident, as provided by workmen's compensation act then in force.

2. SAME—FINAL SETTLEMENT MUST BE APPROVED.

   Final settlement receipt, if approved by department of labor and industry, has effect of determining amount of compensation; but settlement, to be effective, must be approved by department.

3. SAME—PETITION FOR PAYMENTS DUE.

   Where payments to employee were stopped because of settlement receipt signed by him but not approved by department, his remedy to secure compensation due him is not by petition for further compensation, but by petition for review of payments under Comp. Laws Supp. 1922, § 5467.

Applicability of statute of limitations to actions or proceedings under workmen's compensation act, see annotation in 16 A. L. R. 462; 40 A. L. R. 495.

4. Same—Statutory Limitation for Making Claim.

    Agreement by employer to pay compensation, approved by department, answers statutory requirement that claim for compensation must be made within six months after occurrence of injury, and therefore requirement of statute (Comp. Laws Supp. 1922, § 5445) that claim be made within two years has no application.

5. Same—Remedy to Enforce Payment.

    Statutory method of enforcing payment of award under workmen's compensation act is by judgment thereon in circuit court (2 Comp. Laws 1915, § 5466); only one judgment being contemplated, although successive executions may be necessary to enforce payment.

6. Limitation of Actions—Workmen's Compensation Act.

    General statute of limitations (3 Comp. Laws 1915, § 12323) is applicable to awards under workmen's compensation act.

7. Master and Servant—Workmen's Compensation Act—Limitation of Actions.

    Award under workmen's compensation act being payable in installments, general statute of limitations (3 Comp. Laws 1915, § 12323) begins to run as to each from time it falls due, and therefore only those installments falling due within statutory period before beginning court action may be recovered.

Certiorari to Department of Labor and Industry. Submitted June 3, 1930. (Docket No. 13, Calendar No. 34,719.) Decided December 2, 1930.

Oscar Gallup filed a petition for further compensation against Western Board & Paper Company, a Michigan corporation. From an order awarding compensation, defendant Western Board & Paper Company and the Fidelity & Casualty Company of New York, insurer, bring certiorari. Modified and remanded.

*Bishop & Weaver,* for appellants.

*Carney & Carney,* for appellee.

Clark, J. Plaintiff, not a common laborer but engaged as a "third hand" in a mill of defendant

employer, was injured on December 11, 1919. An agreement to pay compensation, $14 per week, the maximum then provided by the act (2 Comp. Laws 1915, § 5439, as amended by Act No. 64, Pub. Acts 1919), was made and was filed with and approved by the commission.

Compensation was paid until February 20, 1920. Then final settlement receipt was filed with, but not approved by, the commission. No further compensation has been paid.

On March 22, 1929, plaintiff filed a petition entitled "Petition for Further Compensation" but which prayed for "such relief as he is entitled to" under the act. The commission made, on October 3, 1929, what purports to be an award of compensation of $14 per week from date of injury to date of award and during disability, less payments made as stated, and less installments of a period of six months during which period plaintiff had had employment. Defendants, employer and its insurer, bring certiorari.

It is not questioned that the extent of impairment of plaintiff's earning capacity must be tested by his ability to work in the employment in which he was engaged at the time of the accident as provided by statute then in force. Clause (e) section 11, pt. 2, Act No. 10, Pub. Acts 1912, 1st Ex. Sess. (2 Comp. Laws 1915, § 5441), as amended by Act No. 41, Pub. Acts 1917.

Under the award compensation was to continue for an indefinite time, during disability and not exceeding 500 weeks and $6,000. Act No. 64, Pub. Acts 1919, § 9. A final settlement receipt in this case, therefore, if approved by the commission, has the effect of determining the amount of compensation, and as this may not be done by the parties themselves, the settlement, to be effective, must be ap-

proved by the commission. The settlement receipt here was not approved, hence it is idle, and the case as though no receipt had been filed. *Richards* v. *Rogers Boiler & Burner Co., ante,* 52.

Plaintiff is not entitled to two awards by the commission for the same compensation. The award originally produced by approval of the agreement to pay compensation is the award in the case except as later modified. Although plaintiff called his last filing a petition for further compensation, he sought the compensation due him under the original award. Such petition, under which the original award is modified in terms, will be regarded as one for review of payments as provided by Comp. Laws Supp. 1922, § 5467. The statute of limitations, Comp. Laws Supp. 1922, § 5445, is not here applicable.

The agreement to pay compensation, filed with and approved by the commission, answers the statutory requirement that the claim for compensation must be made within six months after the occurrence of the accidental injury. This is not a case where the disability developed and made itself apparent subsequent to the six months period so we are not concerned with the two-year provision. Act No. 64, Pub. Acts 1919; *Hovey* v. *General Const. Co.,* 242 Mich. 84. Plaintiff's disability has been continuous from the beginning (except for a period of six months) as found by the commission.

The general statute of limitations, 3 Comp. Laws 1915, § 12323, does apply. The statutory method of enforcing payment of an award is by judgment thereon in the circuit court. 2 Comp. Laws 1915, § 5466. But one judgment is contemplated, although successive executions may be necessary to enforce payment. *Brown* v. *Geo. A. Fuller Co.,* 193 Mich. 214.

In *Buzzn* v. *Muncey Cartage Co.,* 248 Mich. 64, it was held that the general statute of limitations, above cited, is applicable to awards under the workmen's compensation act, and that where nothing had been paid on an award and the last payment was due more than six years before the award was certified to the circuit court under 2 Comp. Laws 1915, § 5466, judgment thereon was barred by the general statute of limitations. As the award is payable in installments, the statute begins to run as to each from the time it falls due. Under the statute a plaintiff can recover only those installments falling due within the statutory period before the beginning of the action in court. 37 C. J. p. 854. Plaintiff cannot recapture outlawed installments by a second award of the same.

As against the defense of the general statute of limitations the plaintiff here may recover only those installments of the award falling due within the six years preceding the time of beginning the action in court. The older installments, here considerable in number, would be barred.

There is testimony to the effect that the installments of a period of six months, deducted by the commission in modification of the original award, are installments outside the six-year period and therefore barred by the statute. If so, the modification is not important. But the commission should make this certain so that in event of plaintiff's seeking judgment on the award and to collect remaining installments no difficulty will be had in determining the modification made.

The cause is remanded for modification accordingly.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.