LACOMBE *v.* BIRDS EYE VENEER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—SETTLEMENT RECEIPT NONEFFECTIVE UNTIL APPROVED.
   Settlement receipt signed by injured employee has no binding effect until approved by the department of labor and industry.

2. SAME—SUIT TO SET ASIDE NONEFFECTIVE SETTLEMENT RECEIPT PROPERLY DISMISSED.
   Suit to set aside, on ground of fraud, settlement receipt signed by injured employee was properly dismissed, where said receipt was never approved by the department of labor and industry and therefore had no binding effect.

3. SAME—UNAUTHORIZED DISCONTINUANCE OF PAYMENTS—PETITION AND DENIAL NONEFFECTIVE.
   Agreement for compensation to be paid to injured employee by employer's insurer, approved by the department of labor and industry and not changed, continues in effect, so that employee's petition for further compensation on unauthorized discontinuance of payments, and its denial by deputy commissioner, are of no force and effect.

Appeal from Delta; Bell (Frank A.), J. Submitted April 9, 1931. (Docket No. 44, Calendar No. 35,539.) Decided June 1, 1931.

Bill by George Lacombe against Birds Eye Veneer Company, as employer, and Lumbermen's Mutual Casualty Company, insurer, to set aside a settlement receipt for workmen's compensation on the ground of fraud. Bill dismissed. Plaintiff appeals. Affirmed.

*Derham & Derham*, for plaintiff.

*C. L. Peters*, for defendants.

BUTZEL, C. J. George Lacombe, plaintiff, on December 12, 1928, sustained severe injuries to his right hand and arm while in the employ of defendant Birds Eye Veneer Company. An agreement was entered into a short time later providing for workmen's compensation to plaintiff at the rate of $15 a week. This was approved by the department of labor and industry, and payments were made until October 12, 1929.

About the 1st of October, an adjuster of defendant Lumbermen's Mutual· Casualty Company, the insurer of the risk, interviewed plaintiff and urged him to attempt light work at the plant of the Veneer company. Plaintiff attempted to work as a sweeper by using only his left hand, but at the end of a short period he was discharged.

·About the 1st of November, 1929, while plaintiff was working at the plant, an agent of the defendant offered him a check for $55 and asked him to sign a document. Plaintiff is unable to read or write. He alleges that he signed, however, when it was represented to him that acceptance of the check and his signature would not constitute a release of defendant's liability for further payments. The document which plaintiff signed is a settlement

receipt on the form of the department of labor and industry. The receipt was filed with the department on December 9, 1929, but was never approved by it.

In July, 1930, not having received any further payments, plaintiff filed a petition with the department of labor and industry for further compensation. In it he alleged that it was only after the refusal of further payment that he became aware of the claim of defendants that the paper he had signed released them from further liability. Plaintiff withdrew his petition before a hearing, but nevertheless the deputy commissioner entered an order denying compensation. He stated therein that the petition had been withdrawn.

In the belief that the settlement receipt might be binding on him unless set aside, plaintiff filed his bill in the instant case asking that the receipt be annulled on the ground that it had been obtained from him by fraud. Relying on the case of *Richards v. Rogers Boiler & Burner Co.*, 252 Mich. 52, the trial judge dismissed the bill on defendants' motion. The bill was properly dismissed.

Without the approval of the department of labor and industry, the settlement receipt has no binding effect. It does not excuse defendants from continuing to pay the agreed compensation. The original agreement, which was approved by the department, remains undisturbed until it is changed by a valid order of the department. One of the purposes of the law demanding that a settlement receipt in order to be effective must be approved by the department, is to provide for the very situation which it is claimed exists in the present case. Plaintiff's petition for further compensation and the order entered by the deputy commissioner are of no force and effect.

Inasmuch as the settlement receipt has never been approved by the department of labor and industry, the original award still stands and plaintiff has an adequate remedy at law without the aid of a court of equity. The decree of the lower court in dismissing the bill is affirmed, without costs to either party.

Wiest, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.