### GRANT *v.* CHEVROLET MOTOR CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—SETTLE-
MENT RECEIPT.

   Settlement receipt is without force to stop compensation where
   not approved by department of labor and industry.

2. SAME—PETITION FOR FURTHER COMPENSATION—REVIEW OF PAY-
MENTS.

   Where payments had been stopped, but settlement receipt had
   not been approved by department, petition of employee for
   further compensation was, in legal effect, petition for review
   of payments.

3. SAME—DENIAL OF PETITION TO REVIEW PAYMENTS—JUDGMENT—
RES JUDICATA.

   Denial of prior petition to review payments is not *res judicata*
   of later one, nor is it approval of settlement unless so provided
   in order of department.

Appeal from Department of Labor and Industry.
Submitted June 20, 1933. (Docket No. 34, Calendar
No. 37,169.) Decided October 2, 1933.

Henry Thomas Grant presented his claim against
Chevrolet Motor Company, division of General Mo-
tors Corporation, for accidental injuries sustained
while in defendant's employ. On petition for fur-
ther compensation. From award to plaintiff, de-
fendant appeals. Affirmed.

*Gloster, Giller & Briggs,* for plaintiff.

*J. G. Stevenson* (*Calvin A. Campbell,* of counsel),
for defendant.

FEAD, J. This is appeal in the nature of certiorari to the department of labor and industry.

September 21, 1926, plaintiff sustained an accident while in the employ of defendant. An agreement for compensation was made and approved. June 1, 1928, petition to stop compensation was filed and, on September 17th, was granted as of May 4, 1928. September 29th settlement receipt was filed but not approved.

August 14, 1929, the case was reopened voluntarily by defendant, and compensation paid to January 11, 1930, when another settlement receipt was filed, but it has not been approved by the department.

January 12, 1931, plaintiff filed petition for further compensation. At the hearing plaintiff did not appear. His mother and brother testified that plaintiff did not desire to pursue the claim. February 3d the deputy commissioner made an award denying compensation. August 12, 1932, plaintiff filed a petition for further compensation, which, after hearing, was denied by the deputy commissioner, but, on appeal, was granted by the board, and plaintiff was awarded compensation from January 11, 1930, at the original agreed rate. No showing of a change for the worse in plaintiff's condition was made upon either petition for further compensation.

Defendant's principal contention is that, no appeal having been taken from the award of February 3, 1931, denying further compensation, and no change in plaintiff's condition since then having been shown, the award is *res judicata* and final.

The settlement receipt was without force to stop compensation because it was not approved by the department. *Richards* v. *Rogers Boiler & Burner Co.*, 252 Mich. 52; *Lacombe* v. *Birds Eye Veneer Co.*, 254 Mich. 233. The petition for further compensa-

tion was, in legal effect, a petition for review of payments. *Gallup* v. *Western Board & Paper Co.*, 252 Mich. 68. It was not a petition to stop compensation. Denial of a prior petition to review payments is not *res judicata* of a later one, nor is it an approval of a settlement unless so provided in the order of the department. *Shaffer* v. *D'Arcy Spring Co.*, 199 Mich. 537.

Award affirmed, with costs.

McDONALD, C. J., and POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.