MAGNUSON *v.* OLIVER IRON MINING CO.

1. Workmen's Compensation—Right of Action on Award—Abatement—Petition for Further Compensation.
   The right of claimant to sue in court on original compensation award *held,* properly abated until hearing and determination on petition for further compensation theretofore filed has been made.

2. Same—Original Compensation Agreement—Right of Employee.
   Employee is entitled to amount provided in original compensation agreement for total disability until it is terminated by a stop order or an approved settlement agreement.

3. SAME—FURTHER COMPENSATION—CHANGE OF CONDITION—STAT-
   UTE OF LIMITATIONS—JURISDICTION OF DEPARTMENT.

   Department of labor and industry has jurisdiction to hear
   claims and make awards for further compensation under the
   workmen's compensation act whenever there has been a change
   in the physical condition of the employee, there being no stat-
   ute of limitations provided by the act as to such claims (3
   Comp. Laws 1929, § 8453).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

   Supreme Court cannot remake the issues or the arguments in
   a case before it but can pass only upon what is presented by
   the record and briefs.

5. WORKMEN'S COMPENSATION—MAXIMUM AWARD—JURISDICTION OF
   DEPARTMENT.

   Department of labor and industry can only end or diminish
   payments after it has awarded claimant all he could receive.

6. SAME—TOTAL DISABILITY—NO CHANGE FOR WORSE.

   So far as the workmen's compensation act is concerned, the
   condition of one found to be totally disabled at the time of
   making claim for compensation cannot change for the worse.

7. SAME—MAXIMUM AWARD—HEARING AND AWARD ON PETITION FOR
   FURTHER COMPENSATION—REHEARING.

   A hearing on a petition for further compensation after claimant
   has received maximum award under the workmen's compensa-
   tion act for total disability amounts to a rehearing by the
   department which it has no power to grant or hold and its
   award to claimant made thereat must be vacated.

Appeal from Department of Labor and Industry.
Submitted January 9, 1935. (Docket No. 33, Cal-
endar No. 38,107.) Decided March 5, 1935.

Emil Magnuson presented his claim against Oliver
Iron Mining Company for accidental injuries sus-
tained while in defendant's employ. On petition for
further compensation. Award to plaintiff. Defend-
ant appeals. Award vacated.

*Derham & Derham,* for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.* (*Elmer F. Blu,* of counsel), for defendant.

BUSHNELL, J. From May 20, 1919, until February 17, 1925, plaintiff, a skilled miner formerly earning $34.80 a week, received $3,000 at the rate of $10 per week for total disability arising out of an accident and agreement for compensation. The maximum which plaintiff could have received under the act then in force was $4,000. In 1925 he signed a settlement receipt, returned to work as a common laborer, and received $24.40 a week until July 31, 1932, when the employer's mine closed down. The settlement receipt of 1925 was not approved at the time it was filed, although the department entered general order No. 30 on July 17, 1933, which purported to approve certain final settlement receipts filed prior to April 17, 1932.

August 16, 1933, plaintiff filed a petition for further compensation, alleging that his condition had grown steadily worse, and while this petition was pending, submitted a certified copy of the original compensation agreement and sought a judgment thereon in the circuit court for the county of Dickinson. The court properly found that the right to sue should be held in abeyance until the hearing and determination of the proceedings before the department. *Morgan* v. *Chevrolet Motor Co.,* 255 Mich. 602. Defendant filed an answer denying the jurisdiction of the department to hear the petition and make an award, claiming the original agreement still in effect, admitting an indebtedness of $1,000, and asserting general order No. 30 to be without effect. The only testimony in the record is that of petitioner and the physician who examined him as to a change of physical condition.

The deputy commissioner found that plaintiff suffered an accident while in the employ of defendant and received compensation as stated, for which he signed an unapproved settlement receipt, that he "is now entitled to receive compensation for total disability in the sum of $10 per week for a period of 100 weeks, from the 18th day of February, 1925," and that "plaintiff is entitled to receive and recover from said defendant on this date 11/17/33 $1,000, being the amount of such compensation that has already become due under the provisions of law."

The award was affirmed by the department, its opinion holding that the department had not lost jurisdiction on January 17, 1927 (400 weeks after the accident); the award did not impose an additional or double liability; the original agreement did not continue in force nor was it *res judicata;* the hearing of November, 1933, was not a rehearing; and since the statute of limitations was not pleaded, this defense was not available.

The state of the record and lack of argument in the briefs as to the legal effect of general order No. 30 precludes the possibility of such determination without an adequate presentation of the question.

The statute then in force (2 Comp. Laws 1915, § 5439), did not limit the 400 weeks to those immediately following the accident. *Lakso* v. *Munro Iron Mining Co.,* 243 Mich. 261. The employee is therefore entitled to the amount provided in the agreement, until and unless it is terminated by a stop order or an approved settlement agreement. Neither of these having intervened, and the original award being for total disability, it is in full force and effect.

The department had not lost jurisdiction for, as pointed out by Mr. Justice EDWARD M. SHARPE:

"The statute does not provide any limitation for the making of claims for further compensation under 2 Comp. Laws 1929, § 8453. These may be made whenever there has been a change in the physical condition of the plaintiff." *Jelusich* v. *Wisconsin Land & Lumber Co.*, 267 Mich. 313.

But we think the parties and the department are unmindful of the realities of the situation. We have a case of total disability with a maximum award; $1,000 admittedly still due and unpaid; with no intervening order of the department, prior to the appealed award of 1933, unless the parties are willing to submit for our determination the effect of general order No. 30. We cannot remake the issues or the arguments, we only pass upon what is presented by the record and briefs.

The department had already awarded plaintiff all he could receive. It could thereafter only end or diminish the payments. 2 Comp. Laws 1929, § 8453.

If he was totally incapacitated when he filed his claim—and it was so agreed between the parties—his condition in that respect could not change for the worse. Upon that proposition the petition for further compensation was but a rehearing as to the original award, *Levanen* v. *Seneca Copper Corp.*, 227 Mich. 592, and the result the same. The department may neither grant nor hold such a rehearing. *Anderson* v. *Ford Motor Co.*, 232 Mich. 500.

The award of November 17, 1933, is vacated.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.