SAMPSON *v.* MICHIGAN COPPER & BRASS CO.

1. WORKMEN'S COMPENSATION—FINDING OF FACT—EVIDENCE—AMPU-
TATION—DIABETES.
   Finding of department of labor and industry that accidental in-
   jury to plaintiff's foot aggravated an existing diabetic condi-
   tion ultimately resulting in amputation of leg *held*, supported
   by record hence will not be disturbed by the Supreme Court
   (2 Comp. Laws 1929, § 8451).

2. SAME—APPROVAL OF COMPENSATION AGREEMENT—RES JUDICATA.
   Approval of agreement for compensation for accidental injury is
   an adjudication that employee suffered a compensable injury
   and was entitled to compensation from his then employer and,
   not having been appealed from, is now *res judicata* and such
   findings are not subject to disturbance by the department of
   labor and industry upon subsequent petition for further com-
   pensation.

3. SAME—CORPORATIONS—EQUITY.
   Question as to whether or not new corporation by purchase of
   assets and assumption of liabilities of employer corporation is
   in fact the same business company is a question of fact for a
   chancery court to determine and not for department of labor
   and industry in view of its previous finding of liability on part
   of employer corporation.

4. SAME—APPROVED COMPENSATION AGREEMENT—UNAPPROVED SET-
TLEMENT RECEIPT.
   An unapproved settlement receipt does not terminate a prior ap-
   proved agreement for compensation, hence no award may be
   made on petition for further compensation, employee's remedy
   being the enforcement of the original award in circuit court
   (2 Comp. Laws 1929, § 8452).

Appeal from Department of Labor and Industry.
Submitted January 17, 1936. (Docket No. 103, Cal-
endar No. 38,718.) Decided March 2, 1936.

Arie Sampson presented his claim against Michigan Copper & Brass Company, a Michigan corporation, for compensation for accidental injuries sustained while in its employ. On petition for further compensation and for loss of leg against Michigan Copper & Brass Company and Revere Copper & Brass, Inc., a Maryland corporation. Award to plaintiff. Defendant Revere Copper & Brass, Inc., appeals. Reversed.

*Clarence E. Moore,* for plaintiff.

*Clark, Klein, Ferris & Cook,* for defendant Revere Copper & Brass, Inc.

Edward M. Sharpe, J. Plaintiff, while in the employ of the Michigan Copper & Brass Company, suffered a compensable accident growing out of an injury to his left foot. A report of this accident was filed with the department of labor and industry by the Michigan Copper & Brass Company; and an agreement to pay compensation at the rate of $14 per week was entered into between the Michigan Copper & Brass Company and the plaintiff as of May 19, 1927, and approved by the department May 21, 1927.

Subsequent to the approval of this agreement and on September 26, 1927, plaintiff returned to work and remained in the employ of this company until December 27, 1927, when he sustained an injury to his right foot. A report of this accident was filed with the department of labor and industry and an agreement entered into to pay plaintiff compensation during the period of total disability at the rate of $18 per week. This agreement was filed with the department of labor and industry and was subse-

quently approved by it; and plaintiff returned to work for this company on April 16, 1928. The final report of the accident was filed by the Michigan Copper & Brass Company under date of April 16, 1928, and was accompanied by a final settlement receipt. Plaintiff continued to work for the Michigan Copper & Brass Company until May 18, 1928, when he was laid off and never returned to work or asked for additional compensation until the latter part of the year 1934 when he filed two petitions for compensation which were withdrawn at his request. Again on January 9, 1935, plaintiff filed two other petitions for compensation against the Michigan Copper & Brass Company and the Revere Copper & Brass, Inc., respondents in the case at bar. One of these petitions was a claim for compensation for total disability and for the specific loss of his left leg which had been amputated January 14, 1934.

On February 21, 1935, the deputy commissioner entered two awards, one of which was against the Revere (Michigan) Copper & Brass Company, defendant, and determined that plaintiff was entitled to recover compensation at the rate of $14 per week for total disability from May 18, 1928, to January 24, 1934, and another award for compensation at the rate of $14 per week for a period of 150–2/7 weeks from January 24, 1934, for the specific loss of plaintiff's left leg and on September 20, 1935, these awards with slight modifications were affirmed by the department, and from which defendant Revere Copper & Brass, Inc., appeals.

It is the claim of plaintiff that after the first accident he returned to his old job as a roll helper; that after the second accident in December of 1927, he did not return to his previous work but was given a

sitting down job of rubbing spots out of brass; that after he returned to work in April, 1928, he had difficulty in getting around and had to use a walking stick; that since he was laid off in 1928 he has stayed home and has not worked and has been continually treating his leg; and that in December, 1933, the toes on his left foot became swollen and such condition resulted in amputation of the left leg above the knee in January, 1934.

The appellant claims that at the time plaintiff's left leg was amputated he was suffering from diabetes and the condition necessitating amputation was gangrene in the left foot; that diabetes results in an impairment of the circulation in the system; and that gangrene may develop without any intervening trauma and usually develops in the feet due to the fact that the circulation is poorest there.

We have examined the record and find that there is some testimony to the effect that the accident aggravated an existing diabetic condition ultimately resulting in the amputation. We need not quote any authority to the effect that if the finding of facts made by the department is borne out by some competent testimony, such finding will not be disturbed by this court.*

The most serious question in the case at bar is the power and jurisdiction of the department to enter any award against the Revere Copper & Brass, Inc. It is the claim of the defendant Revere Copper & Brass, Inc., that at the time of the accident to the plaintiff he was employed by the Michigan Copper & Brass Company, a Michigan corporation, which at that time was operating under the workmen's compensation act and authorized by the department

---

* See 2 Comp. Laws 1929, § 8451.—Reporter.

of labor and industry to carry its own risk; that nearly two years after the accident the defendant Revere Copper & Brass, Inc., was accepted by the department of labor and industry as a corporation authorized to carry its own risk; that at the time of this authorization, namely, April 25, 1929, this company was a Maryland corporation operating under the name of Republic Brass Company and filed its acceptance under the name of Michigan Copper & Brass Company, division of Republic Brass Company; that under date of February 11, 1930, the department of labor and industry was notified that the Republic Brass Company had changed its name to Revere Copper & Brass, Inc.; that in January, 1931, the department was notified that the Michigan Copper & Brass Company, division of Revere Copper & Brass, Incorporated, would thereafter be known as the Revere Copper & Brass, Incorporated, Michigan Division; that in 1928 the General Brass Company purchased certain of the assets of the Michigan Copper & Brass Company; and that during the year 1929 the Michigan Copper & Brass Company was dissolved in accordance with the laws of the State.

The agreement for compensation approved by the department of labor and industry under the date of May 21, 1927, was an adjudication that plaintiff suffered a compensable accident, was entitled to compensation, and that the Michigan Copper & Brass Company was his employer. This agreement not having been appealed from is now *res judicata* and the department of labor and industry may not now disturb those findings. The award for specific loss of a leg must be against the Michigan Copper & Brass Company. When the Revere Copper & Brass, Inc., purchased the assets of the Michigan Copper &

Brass Company and assumed its liabilities, whether it is in point of fact the same business company is a question solely for a chancery court to determine.

It is also to be found in the record that the settlement receipt of September 30, 1927, filed with the department of labor and industry, was never approved by the department. We have held on numerous occasions that an unapproved settlement receipt does not terminate a prior approved agreement. *Richards* v. *Rogers Boiler & Burner Co.*, 252 Mich. 52; *Lacombe* v. *Birds Eye Veneer Co.*, 254 Mich. 233; *Morgan* v. *Chevrolet Motor Co.*, 255 Mich. 602; *Magnuson* v. *Oliver Iron Mining Co.*, 270 Mich. 482. To grant plaintiff an award at this time for total disability would result in the plaintiff having two awards for the same disability. This we may not do. *Gallup* v. *Western Board & Paper Co.*, 252 Mich. 68. Plaintiff's remedy for his claim for disability is the enforcement of the original award therein in the circuit court.* *Gallup* v. *Western Board & Paper Co., supra.*

Both awards are vacated as to the defendant Revere Copper & Brass, Inc. Defendant Revere Copper & Brass, Inc., may have costs.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Potter, and Toy, JJ., concurred.

---

* See 2 Comp. Laws 1929, § 8452.—Reporter.