GUSTAFSON v. MANNING, MAXWELL & MOORE, INC.

1. Workmen's Compensation—Approved Settlement Receipt—Change of Earning Capacity.
   Award to employee on his petition for further compensation *held*, not justified, where plaintiff failed to show a change in earning capacity after date of approved settlement receipt.

2. Same—Approved Settlement Receipt—Total Disability.
   Approval of a final settlement receipt for payment for total disability *held*, not an adjudication that employee was on that day totally incapacitated from labor.

Appeal from Department of Labor and Industry. Submitted January 8, 1936. (Docket No. 5, Calendar No. 38,284.) Decided April 6, 1936.

Arnold Gustafson presented his claim against Manning, Maxwell & Moore, Incorporated, employer, and Employers Liability Assurance Corporation, insurer, for compensation for accidental injury sustained while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Reversed.

*Raymond B. Hart,* for plaintiff.

*E. Dean Alexander,* for defendants.

Edward M. Sharpe, J. July 29, 1931, plaintiff suffered an injury to his right foot while in the employ of the defendant company and during the course of such employment. On August 19, 1931, an agreement to pay compensation was entered into between the parties showing weekly earnings of $19.20 and compensation at the rate of $12 per week; the agree-

ment was approved by the department of labor and industry. A final settlement receipt shows that compensation was paid for total disability from July 29, 1931, to and including September 26, 1931.

Plaintiff reported to work on September 27, 1931, and asked for a sitting down job but failed in his errand and was out of work until August 16, 1933, when he found work with another firm and continued there until laid off November 1, 1933. He again found work December 22, 1933, and was laid off from this job April 10, 1934.

On July 27, 1934, the department of labor and industry received a petition from plaintiff in which he asked for compensation for total disability from and including September 27, 1931, to on or about April 15, 1934. The cause came on for hearing before the deputy commissioner who denied plaintiff's petition, but upon appeal the department granted plaintiff an award for total disability at the rate of $14.40 from and including September 27, 1931, to the 16th day of August, 1933, and compensation for partial disability at the rate of $7.20 per week from July 27, 1934, until the further order of the department. From this award defendants appeal and contend that the award is contrary to the law; that there is no evidence to support the award; that the department had no right to increase the rate of compensation; and that the department may not award compensation beyond the period asked for in the petition for further compensation.

In this case, the first question for determination is the legal effect of a settlement receipt that has been approved by the department. We have consistently held to the rule that a settlement receipt which has *not* been approved by the department has no effect and does not terminate a settlement agree-

ment or an order of the department. *Richards* v. *Rogers Boiler & Burner Co.,* 252 Mich. 52; *Lacombe* v. *Birds Eye Veneer Co.,* 254 Mich. 233; *Morgan* v. *Chevrolet Motor Co.,* 255 Mich. 602; *Magnuson* v. *Oliver Iron Mining Co.,* 270 Mich. 482. The purpose of settlement agreements and settlement receipts is to dispense with arbitration and to be effective both must be approved by the department. When so approved in accordance with the compensation act, they have equal legal effect and each is an adjudication of the matters therein agreed upon such as the employee, the employer, as well as the nature and extent of the disability.

See *Butler* v. *Millman,* 271 Mich. 113.

In the instant case, if plaintiff is to recover, he must produce evidence that there has been a change in his physical condition since the last adjudication which has lessened his earning ability. The record shows that plaintiff's petition for further compensation alleges total disability from September 27, 1931, to about April 15, 1934, while the settlement receipt shows that plaintiff received compensation for total disability to and including September 26, 1931, and this receipt, having been approved by the department, is an adjudication as to plaintiff's disability on that day. If plaintiff was totally disabled from performing any labor on September 26, 1931, and there is an adjudication to that effect which he is estopped to deny, he has not shown such a change in his physical condition immediately following this period as would warrant an award of additional compensation. In view of our holding in this cause, we find it unnecessary to determine the other questions raised.

The award is vacated, with costs to defendants.

FEAD, J.  I concur in the result because plaintiff failed to show a change in earning capacity after the date of the approved settlement receipt.  But I do not agree that the approval of the settlement receipt was an adjudication that plaintiff on that day was totally incapacitated from labor.  To give ·such effect to the approval would mean that the department approved stopping of compensation in the face of its own' finding of plaintiff's total disability, which finding, under the law, would have required continuance of his compensation and disapproval of the receipt.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, POTTER, and TOY, JJ., concurred with FEAD, J.