WRIGHT *v.* MITCHELL BROTHERS CO.

1. WORKMEN'S COMPENSATION—SETTLEMENT RECEIPTS—APPROVAL.
   A settlement receipt is ineffective until approved by the department of labor and industry.

2. SAME—SETTLEMENT RECEIPTS—BLANKET APPROVAL.
   General order of department of labor and industry approving all settlement receipts in cases in which no proceedings had been had or commenced by either party for more than a year before a given date *held,* in accordance with departmental usage, not a blanket approval of settlements, but to cast burden of proof upon party attacking settlement to show it should not be approved.

3. SAME—PETITION FOR FURTHER COMPENSATION—REVIEW OF PAYMENTS.
   Petition for further compensation, filed by employee whose settlement receipt had not been approved by department of labor and industry *held,* at most entitled only to consideration as petition for review of payments.

4. SAME—UNAPPROVED SETTLEMENT RECEIPTS—JURISDICTION OF DEPARTMENT—REVIEW OF PAYMENTS.
   Employee who was injured in 1918, received award for total disability, signed final settlement receipt and returned to work in 1919 *held,* not entitled to second award for total disability on his petition for further compensation where receipt had not been approved by the department of labor and industry, the department being without jurisdiction to do more than review payments and ascertain what amount, if any, employee was entitled to under first award.

5. SAME—TOTAL DISABILITY—MAXIMUM PERIOD.
   The maximum period for which the department of labor and industry could award compensation for total disability resulting from an injury in 1918 was 500 weeks. (2 Comp. Laws 1915, § 5439).

6. SAME—STATUTE OF LIMITATIONS—PLEADING.

In proceeding for further compensation, averments in defendant's answer that plaintiff's claim was barred by lapse of time and setting forth dates involved and period of time elapsed *held*, sufficient pleading of defense of statute of limitations.

7. SAME—AWARDS—ENFORCEMENT IN COURT—GENERAL STATUTE OF LIMITATIONS. '

Proceedings in court to enforce awards of the department of labor and industry would be barred by general statute of limitations where all compensation to which plaintiff might have been entitled had become due and payable more than six years before action was taken for its recovery (Comp. Laws 1929, §§ 8452, 13976).

8. SAME—MAXIMUM AWARD—HEARING AND AWARD ON PETITION FOR FURTHER COMPENSATION—REHEARING.

A hearing on a petition for further compensation after claimant has received maximum award under workmen's compensation act for total disability amounts to a rehearing by the department which it has no power to grant or hold and its award to claimant made thereat must be vacated.

9. SAME—APPEAL—QUESTIONS REVIEWABLE—JURISDICTION—ORDERS.

While generally Supreme Court on appeal from department of labor and industry does not consider defenses not raised before the department, where record discloses department's order from which appeal was taken is one which it had no jurisdiction to make, the court must of its own motion take cognizance thereof.

Appeal from Department of Labor and Industry. Submitted April 10, 1936. (Docket No. 66, Calendar No. 38,812.) Decided June 4, 1936. Rehearing denied September 2, 1936.

William Wright presented his claim against Mitchell Brothers Company for compensation for accidental injuries sustained while in its employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Award vacated and cause remanded for further proceedings.

*Fred C. Wetmore,* for plaintiff.

*Henry Miltner* and *Charles H. Miltner,* for defendant.

NORTH, C. J. Defendant has appealed from an award of compensation made to plaintiff by the department of labor and industry. The accident involved in this appeal occurred October 25, 1918. Defendant employer filed two reports of the accident, the first was dated November 12, 1918, the second November 18, 1918. The parties filed an agreement for compensation for total disability at the rate of $9.09 per week to be paid for 20 weeks. This agreement was approved by the department November 23, 1918. Later a settlement receipt was filed. On April 2, 1919, a second agreement for compensation was filed with the department and approved. This was for compensation to "be paid at the rate of $9.09 per week during total disability." On September 6, 1919, a final report and settlement receipt were filed. From these it appears final payment of compensation was made to plaintiff July 10, 1919, and on that date plaintiff returned to work.

Nothing further was done in this compensation proceeding for nearly 15 years. On June 22, 1934, plaintiff filed a petition for further compensation. The deputy commissioner after hearing denied further compensation; but on review before the department compensation was awarded for total disability at $9.09 per week .from May 9, 1932, until the further order of the department. From this award defendant has taken this appeal.

The settlement receipt of September 6, 1919, was not approved by the department. Until approved it was ineffective. *Richards* v. *Rogers Boiler &*

*Burner Co.,* 252 Mich. 52.   The so-called general
order No. 30 was not an approval of this settlement
receipt.  *Weaver* v. *Antrim Iron Co.,* 274 Mich. 493.
It follows that when plaintiff filed this petition for
further compensation he already had a valid award
by virtue of the approved agreement of April 2,
1919.   Under the circumstances the most the depart-
ment could have done for plaintiff would have been
to consider his petition as one for review of pay-
ments.   *Grant* v. *Chevrolet Motor Co.,* 264 Mich.
510; *Weaver* v. *Antrim Iron Co., supra.*   Plaintiff
was not entitled to his second award for the same
injury under the facts hereinbefore noted.   *Samp-
son* v. *Michigan Copper & Brass Co.,* 274 Mich. 592.
The department of labor and industry had no ju-
risdiction to make a second award under the circum-
stances.   *Gallup* v. *Western Board & Paper Co.,*
252 Mich. 68.

If plaintiff is entitled to be paid any compensa-
tion by defendant he must obtain it under the terms
of the approved agreement of April 2, 1919.   That
award was for total disability.   The maximum
period for which the department could award com-
pensation for total disability was 500 weeks.[*]

Throughout this proceeding the defense has been
urged that plaintiff's alleged right to be paid fur-
ther compensation was barred by the statute of
limitations.   We quote from defendant's answer:

"The defendant says that claimant, by failing to
assert a right to further compensation by reason of
change in condition from January 1, 1921, until
October 26, 1934, for a period of 13 years, 9 months
and 6 days, is barred by lapse of time to assert his
alleged right for further compensation."

---

[*] See 2 Comp. Laws 1915, § 5439.—Reporter.

Under this record the only jurisdiction which the department had in the instant proceedings was to proceed as by way of review of payments and ascertain what amount, if any, plaintiff was entitled to receive under the award. We think the statute of limitations was sufficiently pleaded. It was specifically urged in the brief. This defense was made by defendant before the department as against plaintiff's claim for further compensation.

"Proceedings in court to enforce awards of the department of labor and industry would be barred by general statute of limitations where all compensation to which plaintiff might have been entitled had become due and payable more than six years before action was taken for its recovery (Comp. Laws 1929, §§ 8452, 13976)." *Ardelian* v. *Ford Motor Co.* (syllabus), 272 Mich. 117.

"A hearing on a petition for further compensation after claimant has received maximum award under the workmen's compensation act for total disability amounts to a rehearing by the department which it has no power to grant or hold and its award to claimant made thereat must be vacated." *Magnuson* v. *Oliver Iron Mining Co.* (syllabus), 270 Mich. 482.

It is the general rule that this court in cases on appeal from the department of labor and industry will not consider any defense not raised before the department. *Tinney* v. *City of Grand Rapids,* 274 Mich. 364. Nonetheless if, as in the instant case, the record discloses that the order of the department of labor and industry, from which the appeal is taken, is one which the department was without jurisdiction to make, this court must of its own motion take cognizance thereof.

For the reasons hereinbefore indicated the award entered will be vacated and the case remanded to

the department of labor and industry for further proceedings in accordance herewith. Costs to appellant.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.