HURST *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—FURTHER COMPENSATION—LIMITA-
TION OF ACTIONS.

Claim made over eight years after original injury, for further
compensation for subsequently developing total disability due
to infection *held,* not barred by general statute of limitations,
where promptly after original injury to hand had occurred,
award of compensation based on the agreement of the parties
had been made, since department of labor and industry re-
tained jurisdiction (3 Comp. Laws 1929, § 13976).

2. SAME—SETTLEMENT RECEIPTS—BLANKET APPROVAL.

General order of department of labor and industry approving
all settlement receipts in cases in which no proceedings had
been had or commenced by either party for more than a year
before a given date *held,* not a blanket approval of settle-
ments.

3. SAME—FURTHER COMPENSATION—REVIEW OF PAYMENTS.

Since original award of compensation remains in force while
settlement receipt remains unapproved, employee is not en-
titled to another award for further compensation but petition
therefor should be considered by department of labor and
industry as one for review of payments.

4. SAME—STATUTE OF LIMITATIONS—CERTIFICATE OF PAYMENTS.

Defense of statute of limitations is open to defendant employer
in proceedings at law as to all payments of workmen's com-
pensation maturing over six years previously, included in cer-
tificate of payments by department of labor and industry.

5. SAME—CERTIFICATE OF PAYMENTS.

Employee *held,* entitled to certificate by department of labor and
industry as to unpaid installments of compensation accruing
within six years on award for total disability for accident
occurring over eight years previous to petition for further
compensation, here treated as petition for review of payments.

6. Costs—Appeal—Workmen's Compensation.

No costs are awarded either party on appeal to Supreme Court in workmen's compensation proceeding where neither has fully prevailed.

Appeal from Department of Labor and Industry. Submitted April 14, 1936. (Docket No. 90, Calendar No. 38,785.) Decided June 16, 1936.

Clayton Hurst presented his claim for compensation against Ford Motor Company for injuries sustained while in its employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Award vacated and case remanded for further proceedings.

*George H. Anderson,* for plaintiff.

*E. C. Starkey* and *W. J. Jones,* for defendant.

North, C. J. This is an appeal by the defendant employer from an award of compensation to plaintiff who sustained an accidental injury to his left hand August 16, 1926. The employer reported the accident. An agreement between the parties to pay $14 per week during total disability was made and filed. It is stated in the opinion rendered by the department that this agreement was approved. A settlement receipt dated November 4, 1926, was filed. Subsequently, because of infection, the third finger of the employee's injured hand was amputated. By agreement dated July 5, 1927, compensation for the loss of the member was fixed at $14 per week for 20 weeks. Thereafter a settlement receipt dated January 26, 1928, was filed. As hereinafter noted, neither of the above-mentioned settlement receipts was approved by the department of labor and industry.

On December 19, 1934, plaintiff filed a petition for further compensation from which we quote:

"Your petitioner further represents that since August 16, 1926, he has been disabled in the employment in which he was engaged at the time of the said injury and is entitled to further compensation.

"Your petitioner further represents that the accident suffered on the above date and the subsequent infection left his injured left hand in such a crippled and weakened condition that he has never been able to resume the occupation in which he was engaged at the time of the accident."

In denying liability for further compensation defendant, in its answer, alleged:

"Claimant has been fully compensated for his disability.

"No proceedings having been started within six years from the date of the accident, action is now barred (*Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich. 220)."

On review the department of labor and industry made the following order:

"Therefore, it is ordered, * * * that plaintiff is entitled to receive and recover and shall be paid by the defendant compensation for total disability at the rate of $14 per week from October 15, 1927, until the expiration of 500 weeks from the date of the accident or until the further order of the commission."

This appeal is from the above award of compensation.

It should first be noted that we are not in accord with appellant's contention that under our holding in *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich. 220, plaintiff's alleged right to further compensa-

tion is barred by the general statute of limitations.[*] In the *Hajduk Case* the 'employee failed to institute any proceeding for compensation until his right was barred by lapse of time. In the instant case compensation proceedings were timely instituted and the department has retained jurisdiction. *Catino* v. *Morgan & Wright Co.,* 272 Mich. 154.

As noted above, the settlement receipt following the first award in the instant case was not approved by the department, notwithstanding the subsequent general order No. 30. *Weaver* v. *Antrim Iron Co.,* 274 Mich. 493. Not having been approved the receipt was ineffective. *Richards* v. *Rogers Boiler & Burner Co.,* 252 Mich. 52. The original award is still in force. *Weaver* v. *Antrim Iron Co., supra.* Under the circumstances plaintiff cannot have a second award for further compensation. *Gallup* v. *Western Board & Paper Co.,* 252 Mich. 68; *Sampson* v. *Michigan Copper & Brass Co.,* 274 Mich. 592. Plaintiff's present petition should have been considered by the department as one for review of payments. *Grant* v. *Chevrolet Motor Co.,* 264 Mich. 510; *Weaver* v. *Antrim Iron Co., supra; Wright* v. *Mitchell Brothers Co.,* 275 Mich. 591.

The extent to which plaintiff is entitled to a certificate for unpaid installments is challenged in appellant's brief. We quote:

"The commission has allowed compensation from the date of last payment. Some of these payments, if due at all, were due in accordance with the original approved agreement and were due more than six years before this present action was instituted. The commission ordered payments from October 15, 1927. This present action was started December 19, 1934. Therefore, according to recent decisions, those

---

[*] See 3 Comp. Laws 1929, § 13976.—REPORTER.

payments between October 15, 1927, and December 19, 1928, would be outlawed and the defendants would be entitled to that credit.''

We have recently commented on this phase of the law.

''Defendant's fear that this rule would bar the defense of the statute of limitations against all payments maturing over six years ago is unfounded. If the certificate issued by the department of labor and industry should include payments barred by the statute of limitations, the defense would be open to defendant in the proceedings at law. *Weaver* v. *Antrim Iron Co., supra.*''

If in the instant case there are unpaid installments of compensation which have accrued within six years, plaintiff, upon application, is entitled to a certified record thereof. *Buzzn* v. *Muncey Cartage Co.,* 248 Mich. 64. See, also, *Ardelian* v. *Ford Motor Co.,* 272 Mich. 117. Because of the conclusion reached, other questions raised by appellant become immaterial.

The department's award of October 2, 1935, will be vacated and the case remanded to the department for further proceedings in accordance herewith. Neither party having fully prevailed on this appeal, no costs will be awarded.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.