RICHARDS *v.* ROGERS BOILER & BURNER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—APPROVAL OF FINAL RECEIPT CLOSES CASE IN ABSENCE OF FRAUD.

Where award is made to employee for compensable injury under workmen's compensation act, payment is made thereunder, and final receipt given and filed with department of labor and industry, approval of said receipt by department closes case in absence of fraud.

2. SAME—POWER OF DEPARTMENT TO AWARD ADDITIONAL COMPENSATION FOR CHANGE IN CONDITION.

Where final receipt is not approved by department, it has power, not to rehear case, but only to award additional compensation for change in condition for worse not apparent or reasonably to have been anticipated at time of settlement.

3. SAME—ADDITIONAL COMPENSATION NOT JUSTIFIED WHERE NO CHANGE IN CONDITION.

Where payment of award to injured employee under workmen's compensation act was made and final receipt given and filed with department but not approved by it, further award was not justified under finding by department that employee's condition had not changed but was about same.

FEAD and POTTER, JJ., dissenting.

Certiorari to Department of Labor and Industry. Submitted June 7, 1929. (Docket No. 112, Calendar No. 34,355.) Decided October 7, 1929. Rehearing granted January 24, 1930.

Freeley Richards presented his claim for compensation against the Rogers Boiler & Burner Company for an accidental injury in defendant's employ. From an order awarding further compensation upon petition of plaintiff, defendant and State Accident Fund, insurer, bring certiorari. Reversed.

*Harold H. Smedley,* for plaintiff.

*Roy Andrus,* for defendants.

POTTER, J. *(dissenting).* Freeley Richards suffered a compensable injury while employed by the Rogers Boiler & Burner Company. He was paid a total of $111, at $18 a week, and then signed a settlement receipt and went back to work. Later he made application for additional compensation because of continued disability. This application was denied by the deputy commissioner, but he was awarded compensation by the commission at the rate of $9 a week. The Rogers Boiler & Burner Company and the State Accident Fund bring certiorari.

It seems to be conceded plaintiff at the time of his injury was getting $27 a week. There was proof that at the time of the hearing on the application for additional compensation plaintiff was but 50 per

cent. efficient. If his earnings were decreased 50 per cent., they were decreased $13.50, and 66-2/3 per cent. of $13.50 is $9. This was the amount of the award per week. It is supported by the evidence.

The important question is said to be the force and effect of the final receipt on settlement. In disposing of this question the commission said:

"On the 5th of June, 1928, the State Accident Fund entered into an agreement to pay plaintiff compensation at the rate of $18 per week during the period of total disability, etc., and on July 11, 1928, the insurer filed with the department a settlement receipt. In this receipt plaintiff acknowledges a payment of compensation from the 12th day of May to the 23d of June, 1928, making the total sum of compensation paid him, $111. This receipt is on the usual form and states: 'In settlement of compensation due under the Michigan workmen's compensation law, on account of injuries suffered by myself on or about the 11th day of May, 1928, while injured employee of Rogers Boiler & Burner.'

"Defendants admit that plaintiff sustained an accidental injury and that they entered into an agreement to pay him compensation during the period of disability. However, defendants contend that before plaintiff is entitled to further compensation he must show that his condition has changed for the worse. We cannot agree with this contention. A final settlement receipt does not occupy the same status as an award unless it is filed and approved by the commission. This receipt was filed but it was not approved. It lacks the second essential. The settlement receipt in this case has the same status as any ordinary receipt. Evidence is admissible to show that the circumstances stated therein, and the amount, do not constitute payment in full for the injury. In other words, if the receipt

does not correspond to the facts in the case, or if plaintiff is still incapacitated due to the original injury, then compensation must be paid in accordance with his disability. However, he has the burden of proof in showing that the receipt is not in accordance with the facts.

"This question is discussed by Mr. Justice OSTRANDER in the case of *Kirchner* v. *Michigan Sugar Co.*, 206 Mich. 459. We quote from page 465 of the opinion:

" 'But if the agreement of the parties, though made by mistake, is conclusive, compensation must still be paid at the agreed rate. We think it is not conclusive. The purpose of the compensation law is compensation at rates which the law itself, directly or indirectly, but certainly, fixes. Claimant is entitled to receive, and his employer is obligated to pay, no more and no less than the statute compensation.'

"Even if this settlement receipt had been approved by the commission, it would not defeat plaintiff's claim for further compensation if the agreement were not in accordance with the facts.

"Section 5 of part 3 of the act, the same being section 5458 of the 1915 compilation of the laws of the State of Michigan, gives the industrial accident board (now commission) authority to approve agreements. This section provided: 'A memorandum of such agreement shall be filed with the industrial accident board, and, if approved by it, shall be deemed final and binding upon the parties thereto.' However, this section contains the further proviso: 'Such agreement shall be approved by said board only when the terms conform to the provisions of this act.'

"In view of the above, the commission are of the opinion that if the final settlement receipt is not in accordance with the facts, the injured employee would be entitled to receive further compensation."

We agree with them. The award of the commission should be affirmed.

FEAD, J., concurred with POTTER, J.

WIEST, J.  The award cannot stand.  I add the following finding of the commission to the part quoted in the opinion of Mr. Justice POTTER:

"His (plaintiff's) testimony shows that his condition is about the same."

A report of a compensable accident was duly made and filed with the department of labor and industry. Later a settlement was agreed upon and approved by the department.  The agreement was performed and final receipt given.  The receipt was signed by applicant and filed with the department but no approval thereof appears to have been made.  If the receipt, so filed, had been approved by the department the case would have been closed, except there was fraud.  No fraud was alleged or shown.  The failure to close the case, by approval of the final receipt left power in the department, not to rehear, but only to award compensation for a later condition of disability arising from a change for the worse and not apparent or reasonably to have been anticipated at the time of the settlement.  *Burley* v. *Central Paper Co.,* 221 Mich. 595.  If applicant's condition was not worse, then there could be no additional award, for there could be no rehearing, except in case of fraud.  If his condition had been worse, then an award on that account would have been upon new matter and not a rehearing of an adjusted matter.  Applicant's condition was not worse, and the department so found, and, upon such finding, there could be no award.  An examination of the following cases supports what we have said:  *Foley* v. *Detroit United Ry.,* 190 Mich. 507; *Pocs* v. *Buick Motor Co.,* 207 Mich. 591; *Diebel* v. *Construction Co.,* 207 Mich.

618; *Jones* v. *Iron Works*, 212 Mich. 174; *Burley* v. *Central Paper Co.*, *supra*; *Lakso* v. *Munro Iron Mining Co.*, 243 Mich. 261.

The award is vacated, with costs to defendants.

NORTH, C. J., and CLARK, McDONALD, and SHARPE, JJ., concurred with WIEST, J. The late Justice FELLOWS took no part in this decision.