LOUWAERT *v.* D. GRAFF & SONS.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FURTHER
COMPENSATION—FINDING OF DEPARTMENT.

Where injured employee's proofs showed renewed disability after
discontinuance of compensation, but proof as to time of com-
mencement of disability was vague and uncertain, department
of labor and industry was at liberty to find that compensation
should be allowed from date of filing petition, although em-
ployee claimed that it began one year and five months prior
thereto, and gave uncorroborated testimony in support thereof.

Appeal from Department of Labor and Industry.
Submitted October 13, 1931. (Docket No. 85, Cal-
endar No. 35,909.) Decided January 4, 1932.

Katherine Louwaert presented her claim against
D. Graff & Sons, employer, and General Accident
Assurance Corporation, insurer, for an accidental
injury. Plaintiff appeals from award made on appli-
cation for further compensation. Affirmed.

*Jackson, Fitzgerald & Dalm,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

FEAD, J. October 23, 1926, plaintiff, while in the
employ of D. Graff & Sons, sustained an acid burn
on the foot which produced an ulcer not yet healed.
Compensation was paid under agreement to Octo-
ber 1, 1927, when final settlement receipt was filed.
Plaintiff then returned to work for defendant and
continued to about October 1, 1929, when she was
discharged. March 5, 1931, she filed claim for fur-

On conclusiveness of review of industrial board's finding, see
annotation in L. R. A. 1916A, 266 *et seq.;* L. R. A. 1917D, 186.

ther compensation. The deputy commissioner made allowance for total disability from October 1, 1929, and, on appeal of defendants, the award was modified by the board to allow compensation from March 5, 1931, the date of filing claim. Plaintiff appeals.

Plaintiff, her mother and her attending physician were the only witnesses at the hearing and their testimony was undisputed. Plaintiff claimed she was unable to work even before she was discharged and has been disabled continuously since. The doctor and the mother stated no time prior to hearing when she was so disabled. Plaintiff's own testimony was vague, uncertain, unsatisfactory, and needed corroboration, particularly in view of the facts that she had given the employer no notice of renewed disability and made no claim for compensation for a long time. The board, as trier of the facts, was at liberty to find that, while disability was shown, its commencement was not fairly proved, and that compensation should be allowed from the date of filing the petition for want of proper showing of a different date. While ordinarily undisputed evidence must be taken as true, the board is not required to accept it when, viewed reasonably, it would require the board to speculate as to a fact. The finding is conclusive and judgment is affirmed, with costs.

Clark, C. J., and McDonald, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.