GIAMPA *v.* CHRYSLER CORPORATION.

1. WORKMEN'S COMPENSATION—FURTHER COMPENSATION—DELAY IN FILING CLAIM.

   While delay in filing claim for further compensation may affect the good faith and integrity of the claim therefor and may be considered by the department in connection with the other evidence, the statute does not even suggest that compensation may not be payable for period preceding date of filing such claim.

2. SAME—DEPARTMENT OF LABOR AND INDUSTRY—JURISDICTION.

   Once the department takes jurisdiction of an injury, it is retained until the end of the compensable period to award such compensation as the statute allows and the facts warrant.

3. SAME—DISABILITY—QUESTIONS OF FACT—JURISDICTION.

   Both the extent and the commencement of plaintiff's disability *held,* questions of fact, not of jurisdiction, where injury occurred July 24, 1928, compensation was paid until September 16th as per approved agreement, settlement receipt was filed November 10th, plaintiff worked for defendant until November 7, 1929, his condition became progressively worse and he has been totally disabled since leaving its employ, and applied for further compensation April 12, 1934.

4. SAME—GENERAL ORDER APPROVING SETTLEMENT RECEIPTS—SUB-
    SEQUENT CHANGE OF CONDITION.
    General order of the department of labor and industry, dated
        July 17, 1933, approving all settlement receipts filed prior to
        April 17, 1932, in which no proceedings had been had within
        one year before such date with like effect as if order had been
        specifically entered in each case, providing, however, that em-
        ployee may at any time file application for further compensa-
        tion and for an award when warranted by the facts is con-
        strued as an approval of the settlement as made and of the
        time made and not purporting to adjudicate conditions sub-
        sequent thereto, hence, did not bar award for subsequent dis-
        ability which developed prior to April 17, 1932, although claim
        was not made therefor until April, 1934.

Appeal from Department of Labor and Industry.
Submitted June 5, 1935. (Docket No. 38, Calendar
No. 38,333.) Decided September 9, 1935.

John Giampa presented his claim for compensa-
tion against the Chrysler Corporation for accidental
injury sustained while in defendant's employ. On
petition for further compensation. Award to plain-
tiff. Defendant appeals. Affirmed.

*Sol A. Dann,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

FEAD, J. This is certiorari to review an award of
compensation.

Plaintiff sustained an accidental injury July 24,
1928. He was paid compensation to September 16th
under approved agreement. Settlement receipt was
filed November 10th, but was not approved by the
department. Plaintiff continued to work for defend-
ant until November 7, 1929. He has not worked
since. His condition has become progressively worse
and he has been totally disabled since leaving de-

fendant's employ. He made no claim for further compensation until April 12, 1934, when he filed the instant petition for that purpose. He was awarded compensation for total disability from November 7, 1929.

Defendant contends that compensation, if allowed, should commence on the filing of the petition for further compensation because of plaintiff's laches. The statute suggests no such defense. Delay may go to the good faith and integrity of the claim and properly may be considered by the department in connection with other evidence. See *Louwaert* v. *D. Graff & Sons,* 256 Mich. 387. But once the department takes jurisdiction of an injury it retains it to the end of the compensable period, to award such compensation as the statute allows and the facts warrant. *Jelusich* v. *Wisconsin Land & Lumber Co.,* 267 Mich. 313; *Rowe* v. *Consumers Power Co.,* 268 Mich. 162. Both extent and commencement of plaintiff's disability were questions of fact, not of jurisdiction.

On July 17, 1933, the department made general order No. 30, approving all settlement receipts filed prior to April 17, 1932, in which no proceedings had been had within one year before such date, with like effect as if the order had been specifically entered in each case, providing, however, that the employee may at any time file application for further compensation and for an award when warranted by the facts.

Defendants contend the proviso should be stricken because the approval of a settlement receipt must be unconditional (*Butler* v. *Millman,* 271 Mich. 113), the order must be given effect as a complete settlement to its date and there was no change of condition after adoption of the order. There was a

change of condition after the settlement itself. If the order was intended to deny right to compensation after the settlement and to the date of the order, it would not only be most unreasonable but of extremely doubtful validity because it does not purport to have been entered after notice to the parties affected, hearing, or opportunity for hearing upon conditions after the settlement. It was not so intended by the department. It was an approval of the settlement as made and of the time made and does not purport to adjudicate conditions subsequent thereto. As indicated by the opinion of the department, the primary purpose of the rule was to prevent employees from obtaining court judgments upon awards in cases where unapproved settlement receipts had been filed and where the employees had recovered wholly or partially from the injuries, and, thus, to preserve to the department jurisdiction to allow such compensation after the settlement as should be just. It cannot be construed as operating to deny an employee unjust compensation during the period between the settlement receipt and date of the order and also to deny him just compensation for the same period.

Affirmed.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.