WEAVER *v.* ANTRIM IRON CO.

1. Workmen's Compensation — Settlement Receipts — Blanket Approval.

General order of department of labor and industry approving all settlement receipts in cases in which no proceedings had been had or commenced by either party for more than a year before a given date *held*, in accordance with departmental usage, not a blanket approval of settlements, but to cast burden of proof upon party attacking settlement to show it should not be approved.

2. Same—Approval a Condition Precedent to Certificate for Judgment.

Approval by the department of labor and industry of settlement receipt is a condition precedent to certificate for judgment at law (2 Comp. Laws 1929, § 8452).

3. Same—Change of Condition.

Upon approval of a settlement receipt by the department of labor and industry, an employee must show a subsequent change of condition in order to be entitled to an award.

4. SAME—REVIEW OF PAYMENTS.

If a settlement receipt is not approved by the department of labor and industry, the original award stands in full force subject to power of department to review of payments (2 Comp. Laws 1929, § 8453).

5. SAME—REVIEW OF PAYMENTS—PHYSICAL CONDITION—EARNINGS— PAYMENTS — EARNING CAPACITY — CERTIFICATE FOR JUDGMENT AT LAW.

Under the power to review payments, the department of labor and industry is called upon to determine the physical condition of the employee from time to time after the settlement receipt was made, together with earnings or payments, if any, and earning capacity, and determine amount for which employee is entitled to certificate for judgment (2 Comp. Laws 1929, §§ 8452, 8453).

6. SAME—SETTLEMENT RECEIPTS—APPROVAL — TOTAL DISABILITY — REVIEW OF PAYMENTS.

Settlement receipt which was not in accordance with unappealed order of deputy commissioner held, not entitled to approval upon department of labor and industry's subsequent review of payments, hence, employee whose condition is shown to have grown progressively worse is entitled to compensation at rate allowed by deputy for total disability, notwithstanding intervening general order of the department approving certain settlement receipts and ostensibly including one involved herein.

7. SAME—SETTLEMENT RECEIPTS—APPROVAL—AWARD.

On petition for review of payments under award of compensation, finding of department that settlement receipt was not entitled to approval and that employee was entitled to award of whole of original award amounted to determination of amount of employee's certificate for proceeding at law (2 Comp. Laws 1929, §§ 8452, 8453).

8. SAME—STATUTE OF LIMITATIONS—CERTIFICATE FOR JUDGMENT.

Defense of general statute of limitations is open to defendant in proceeding at law if certificate of department of labor and industry includes payments maturing over six years previously (Comp. Laws 1929, §§ 8452, 13976).

Appeal from Department of Labor and Industry. Submitted October 15, 1935. (Docket No. 75, Calendar No. 38,224.) Decided March 2, 1936. Rehearing denied April 7, 1936.

William Weaver presented his claim against Antrim Iron Company for compensation for an accidental injury suffered while in defendant's employ. On petition for review of payments. Award to plaintiff. Defendant appeals. Affirmed.

*Skinner & Shackleford,* for plaintiff.

*Travis, Merrick, Johnson & McCobb,* for defendant.

BUSHNELL, J. Following an accidental injury, February 16, 1928, plaintiff was awarded $12 per week for total disability, with a finding that $216 was then due. Defendant, the employer, was also required to pay certain hospital and medical bills totaling $581.75. No appeal was taken from this order of the deputy commissioner which was entered on June 21, 1928.

The parties, however, with some knowledge of what the deputy's findings might be, entered into an agreement June 20th, the day of the hearing, fixing the period of total disability as five months. A settlement receipt was also executed by Weaver the same day, covering weekly payments from February 16th to June 20th and totaling $225. Both papers were filed with the department on June 22d, but the alleged settlement receipt was never formally approved by the department.

Defendant heard nothing more from plaintiff until after a petition for further compensation was filed on August 1, 1933. After entry of an order for a hearing on this petition, counsel entered into a stipulation on November 10th which provided for the payment of the necessary and reasonable hospital and medical bills covering plaintiff's operation and treatment at the University Hospital at Ann Arbor, without waiver, however, of defenses to Weaver's claim.

Plaintiff later filed a "notice and application for adjustment of claim" in which he stated that the operation or operations were not successful and that while he "is still completely and totally disabled and has been completely and totally disabled since the above named date of said accident," his physical condition has become worse.

Subsequently plaintiff secured new counsel and requested that he be granted "a review of weekly payments." Defendant answered the various petitions and testimony was taken, including that of the deputy who conducted the original hearing, resulting in a second award of $12 per week for a period of "permanent total disability" from June 21, 1928. The order of the deputy, dated July 26, 1934, included a finding that $3,804 was due, all of which was affirmed by the department on appeal.

Defendant argues that the department was without jurisdiction to set aside the settlement of 1928 upon grounds of fraud, misrepresentation, etc., nor could it grant a rehearing; and that there was no change in plaintiff's condition except for the better; that, in any event, the claim is barred by laches and the approval of the settlement because of the department's general order No. 30 issued July 17, 1933. This general order specifically approved "all final settlement receipts filed in any and all cases prior to the 17th day of April, 1932, in which cases no proceedings have been commenced to take judgment, reopen, or for further compensation and in which no proceedings have been had or commenced by either party for more than one year prior to the said 17th day of April, 1932," etc.

Plaintiff argues that the settlement receipt is not in accord with the facts of the case or the statute and that such settlement could not be approved by a general order. He also insists that the essentials lead-

ing up to the award of 1928 are now *res judicata*, and that 2 Comp. Laws 1929, § 8453, provides for a review of payments, citing *Gallup* v. *Western Board & Paper Co.*, 252 Mich. 68.

The question of whether general order No. 30 is a proper approval of settlement receipts has not been passed upon by this court. In *Giampa* v. *Chrysler Corp.*, 272 Mich. 327, the question of its propriety was not raised and the only issue was that of time, *i. e.*, whether it had effect upon the settlement as of the date of the order or on the date of the settlement receipt.

The validity of a general order might be questioned if it is claimed to be a blanket approval of thousands of settlement receipts without any other notice to the parties or opportunity given them for a hearing upon its application to the matter affected. The general order does not purport to have such effect nor has the department so treated its applicability. Its primary purpose was stated in the *Giampa Case, supra.* The department has treated the order, not as a blanket approval of settlements, but as merely casting the burden of proof upon the party attacking the settlement and requiring such petitioner to show that the settlement should not be approved.

The ordinary practice in adjudging such settlements would be to give notice to the parties and hear them. Instead of doing this in all cases, it is evident that the department, in order to avoid multiplicity of proceedings and conveniently to administer the law, has very properly taken occasion to examine into and adjudge the approval of old settlement receipts in connection with petitions to review payments or for further compensation. It has also ordered hearings on settlements when a certificate has been sought for

the purpose of instituting proceedings to recover a judgment at law.

Obviously, the determination by the department of the approval of a settlement is the first step in such cases. If it be approved, the employee must show a subsequent change of condition in order to recover an award. If the settlement is not approved, the original award stands in full force, subject to the power of the department to review payments. Under its power to review payments, the department is called upon to determine the physical condition of the employee from time to time, after the settlement receipt was made, together with earnings, if any, payments made by the employer, if any, and his earning capacity, and then make such determination of the amount due him as the facts warrant. The amount thus found would be a sum for which the employee would be entitled to a certificate for judgment.*

In the instant case, plaintiff had an award on June 21, 1928, of $12 per week for a period of total disability. The department did not set aside the settlement receipt for fraud and thereby invade the jurisdiction of equity. It held that the plaintiff had sustained the burden of proof that the receipt was not in accordance with the facts, that he was misled by the employer into signing the receipt, and that it should not be approved. It further held that plaintiff's physical condition has grown progressively worse since the first award and that no change in the award should be made. In so finding, the department first passed upon and denied approval of the settlement receipt, and then, on review of payments, determined that plaintiff was entitled to the whole of the original award. While, strictly speaking, the find-

---

*Sec 2 Comp. Laws 1929, § 8452.—Reporter.

ing was not an award of compensation, it amounts to a determination of the sum for which plaintiff is entitled to a certificate for the purpose of proceedings at law. So construed and with such effect, the order is affirmed.

Defendant's fear that this rule would bar the defense of the statute of limitations * against all payments maturing over six years ago, is unfounded. If the certificate issued by the department of labor and industry should include payments barred by the statute of limitations, the defense would be open to defendant in the proceedings at law. *Buzzn* v. *Muncey Cartage Co.*, 248 Mich. 64.

NORTH, C. J., and FEAD, WIEST, BUTZEL, and POTTER, JJ., concurred. EDWARD M. SHARPE, J., did not sit.

The late Justice NELSON SHARPE took no part in this decision.