### NEVELS v. WALBRIDGE ALDINGER CO.

1. WORKMEN'S COMPENSATION—SETTLEMENT RECEIPTS—APPROVAL.
   Original award of compensation remains in force where settlement receipt remains unapproved other than by an ineffective blanket approval (General Order No. 30).

2. SAME — PETITIONS — FURTHER COMPENSATION — REVIEW OF PAYMENTS.
   While a petition for further compensation is unnecessary as long as an original award is in force and no valid second award of the same compensation could be made, such a petition is to be treated as one for review of payments.

3. SAME — PETITIONS — FURTHUR COMPENSATION — REVIEW OF PAYMENTS—RES JUDICATA.
   Denial of petition for further compensation while original award is yet effective is not *res judicata* of subsequent petition for review of payments where upon consideration of so-called petition for further compensation, treated as a petition for review of payments, petition is denied without an actual review of payments.

4. SAME—REVIEW OF PAYMENTS—NEW AWARD—RES JUDICATA.

New award by department of labor and industry, made upon petition to review payments under an existing award, whereby payments are continued, changed or stopped is *res judicata* because future petitions to review must be directed to its modification rather than the original award.

5. SAME—STIPULATIONS.

An award made upon oral stipulations before the department of labor and industry is binding on the parties.

6. SAME—ERRONEOUS AWARD—RES JUDICATA.

A binding award by the departmnt of labor and industry is *res judicata* even though it be erroneous.

7. SAME—REVIEW OF PAYMENTS—AWARD—CHANGE OF CONDITION.

New award, made upon petition for further compensation which is treated as petition to review payments and by which plaintiff's right to compensation was denied, *held*, equivalent to an award stopping compensation and, upon subsequent petition for further compensation, it is necessary for plaintiff to show change of condition since last award.

8. SAME — REMAND TO DEPARTMENT — JURISDICTION — RECONSIDERATION.

Upon remand of case to department of labor and industry because last award entered was made upon untenable legal bases, since Supreme Court is without jurisdiction to find facts, department is permitted to reconsider the case to determine the time and degree of change of physical condition since last preceding award and allow compensation thereon without reference to intervening petition for further compensation which had been withdrawn voluntarily.

Appeal from Department of Labor and Industry. Submitted October 20, 1936. (Docket No. 32, Calendar No. 38,712.) Decided December 9, 1936.

Fred Nevels presented his claim against Walbridge Aldinger Company, employer, and General Accident Assurance Corporation, insurer, for compensation for accidental injuries sustained while in defendant's employ. On petition for further com-

pensation. From award to plaintiff in an alleged insufficient amount, he appeals. Award vacated and case remanded for further proceedings.

*James B. Van Vechten, Jr.,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

FEAD, J. July 29, 1927, the parties agreed upon compensation of $14 per week during plaintiff's disability from an accident received by him while in defendant's employ. Compensation was paid to August 29th. A full settlement receipt was filed but not approved by the department. Payments were resumed and another receipt filed October 25, 1927, but not approved.

May 24, 1928, the department made another award of compensation of $14 per week and, on August 2, 1928, another full settlement receipt was filed but is unapproved. For practical reasons, because all contentions arise after it, and to avoid confusion of dates, we will refer to the award of May 24, 1928, as the original award.

May 5, 1933, plaintiff filed another petition for further compensation. June 5th, the deputy commissioner made an award that plaintiff had suffered an accident and "is not entitled to receive and recover compensation" from the defendants, and— "The deputy commissioner further finds that this case was called and attorney for plaintiff examined the file and agreed that an order could be made that this case is *res judicata.*"

It is said that the attorney who then represented plaintiff at the hearing was inexperienced and made an unwarranted concession. In any event, seasonable claim for review was made by plaintiff but it

was withdrawn on June 23, 1933, on stipulation providing for payment to him of $500 and attorney fees.

January 31, 1934, petition for further compensation was filed which, however, was voluntarily withdrawn July 2d, evidently to enable plaintiff to file a petition for delayed appeal from the award of June 5, 1933. The deputy commissioner ordered that the petition of January 31, 1934, "be and the same hereby stands withdrawn in like effect as if it had not been filed." The petition for delayed appeal was denied August 22, 1934.

October 10, 1934, the present petition for further compensation was filed. The deputy made an award of $14 per week, but, on review, the department awarded plaintiff $7.50 per week from October 10, 1934, until further order of the department. Plaintiff appeals.

Plaintiff contends his petition for further compensation should be treated as a petition for review of all payments since August 2, 1928, the date of the last payment made under the award of May 24, 1928. The department held that its general order No. 30, issued July 17, 1933, was an approval of the final settlement receipt of August 2, 1928; that the awards of June, 1933 and July 2, 1934 were *res judicata* as to future awards; that plaintiff's condition has changed for the worse; but because the character and period of plaintiff's disability are uncertain, compensation should begin at the date of the filing of this petition.

After the case was heard by the department, general order No. 30 came before this court and it was held that the order is not a blanket approval of settlement receipts. *Weaver* v. *Antrim Iron Co.,* 274 Mich. 493; *Wright* v. *Mitchell Brothers Co.,* 275

Mich. 591; *Hurst* v. *Ford Motor Co.*, 276 Mich. 405. In the instant proceeding the department did not pass upon the validity of the settlement receipt of August 2, 1928, as in *Weaver* v. *Antrim Iron Co.*, *supra*, it was suggested might be done. Consequently, the receipt now stands as unapproved.

The result of the lack of approval of the settlement receipt is that the original award of compensation remained in full force. *Richards* v. *Rogers Boiler & Burner Co.*, 252 Mich. 52; *Lacombe* v. *Birds Eye Veneer Co.*, 254 Mich. 233; *Hurst* v. *Ford Motor Co.*, *supra*.

So, in 1933, plaintiff had a choice of remedies, (1) to ask for a certificate of compensation due under the original award for the purpose of judgment in circuit court, or (2) to ask for review of payments. Plaintiff filed a petition for further compensation. The petition was unnecessary because the original award was in force and no valid second award of the same compensation could be made. But under the circumstances the petition is to be treated as a petition for review of payments. *Gallup* v. *Western Board & Paper Co.*, 252 Mich. 68; *Hurst* v. *Ford Motor Co.*, *supra*. Upon such petition for review of payments the award of June 5, 1933 was made.

Plaintiff contends that the award of June 5, 1933 was a mere denial of his petition to review payments under the original award and is not *res judicata* of the situation at the time but that he may recover for disability prior thereto. He relies on *Grant* v. *Chevrolet Motor Co.*, 264 Mich. 510, as controlling.

Perhaps the opinion in the *Grant Case* should have been more explanatory. As construed and applied by counsel it would be in direct conflict with many decisions upon the *res judicata* effect of an award.

Clearly, when, as in the *Grant Case,* an award of compensation continues in force, the denial of a petition to review payments thereunder leaves the award in full effect. With some reluctance because of its complicating effect upon the practice as it has developed, we followed *Shaffer* v. *D'Arcy Spring Co.,* 199 Mich. 537, (also 206 Mich. 483) in holding that the denial is not *res judicata* but that complete review of payments under the original award may be had on subsequent petition. The justification is that a petition may be denied without actual review of payments.

Clearly, also, the situation would be different where the department, instead of merely denying the petition to review payments under an existing award, makes a new award continuing, changing or stopping payments. In such. case the new award would be *res judicata* because future petitions to review must be directed to its modification, not to the original award.

In the *Grant Case,* as at bar, the order of the deputy commissioner provided that the·plaintiff "is not entitled to receive and recover compensation." But the record there shows that there was no actual review of payments either in law or in fact; the proceedings afforded no justification for a stoppage of operation of the original award; and the proper order would have been dismissal of the petition for withdrawal or desire not to prosecute or without prejudice. Upon the principle that substance dominates form in compensation proceedings, we held· the award to have the effect merely of a denial of a petition to review payments and not of an award stopping compensation. The case is not a precedent for one where an award is made upon a review of payments either as a matter of law or of fact.

Under the *Grant Case* the department erred in holding the award of July, 1934, *res judicata* but not in denying such effect to the award of June, 1933.

As to the latter, the situation presents no question of mere denial or of the withdrawal of the petition to review payments. On the contrary, there was an adjudication against plaintiff's right to compensation, based upon legal grounds, conceded by his counsel. An award made upon oral stipulations before the department is binding on the parties. *McKay* v. *Jackson & Tindle, Inc.*, 268 Mich. 452. A binding award is *res judicata* even though it be erroneous. *Ammond* v. *Muskegon Motor Specialties Co.*, 265 Mich. 211. Consequently, the award of June 5, 1933, was *res judicata* of plaintiff's right to compensation, was equivalent to an award stopping compensation and, upon plaintiff's present petition, it was necessary that he show a change of condition since June, 1933.

Parenthetically, it may be noted that plaintiff has no cause to complain of the situation because he stipulated, for a consideration, that the award of June, 1933, should have a binding effect and the department, in denying delayed appeal, found there was no fraud in the stipulation.

Plaintiff contends there is no justification in the record for an award as low as $7.50 per week. In view of our finding that the department proceeded upon untenable legal bases in making the award, and because of our lack of jurisdiction to find facts, we think the case may be properly disposed of only upon reconsideration by the department in accordance with this opinion. Specifically, the department will determine the time and degree of change of physical condition since the award of June, 1933,

and allow proper compensation thereon, without reference to the proceeding of July, 1934.

Award vacated and cause remanded for further proceedings.

North, C. J., and Wiest, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. · Potter, J., did not sit.