POISSON *v*. DEPARTMENT OF LABOR AND INDUSTRY.

1. WORKMEN'S COMPENSATION—GENERAL ORDER APPROVING SETTLEMENT RECEIPTS—BURDEN OF PROOF.

General order approving all final settlement receipts filed prior to a date 15 months prior to that of its date in all cases in which no proceedings had been commenced to take judgment, reopen or for further compensation or in which no proceedings had been commenced by either party for more than one year prior to such earlier date is not a blanket approval but merely casts burden of proof upon party attacking the settlement and requires such petitioner to show that the settlement should not be approved.

2. MANDAMUS—WORKMEN'S COMPENSATION—CERTIFICATE OF JUDGMENT—REVIEW OF PAYMENTS.

Employee who sought to compel department of labor and industry to issue certificate of judgment as matter of course because settlement receipt which he had signed nearly seven years prior had not been approved by department of labor and industry by any order other than a general order approving all final settlement receipts filed prior to a date 15 months prior to that of the general order in all cases in which no proceedings had been commenced to take judgment, reopen or for further compensation or in which no proceedings had been commenced by either party for more than one year prior to such earlier date *held*, not entitled to writ of mandamus, where department has not been presented with opportunity to have hearing upon a petition for review of payments.

Mandamus by Eli Poisson to compel Department of Labor and Industry of the State of Michigan to issue a certificate of judgment. Submitted June 2, 1937. (Calendar No. 39,534.) Writ denied June 29, 1937.

*Ray Derham,* for plaintiff.

*Raymond W. Starr,* Attorney General, and *Joseph Zwerdling,* Assistant Attorney General, for defendant.

Butzel, J. Plaintiff in his appeal seeks mandamus to compel the department of labor and industry to issue to him a certificate of judgment. Plaintiff was injured on November 8, 1928, and shortly thereafter entered into an agreement for compensation with the Royal Indemnity Company, insurer of the employer. The agreement was approved December 8, 1928. On April 3, 1929, plaintiff signed a settlement receipt which was never approved by the department. On July 17, 1933, the department adopted general order No. 30 approving all final settlement receipts filed prior to the 17th of April, 1932, in all cases in which no proceedings had been commenced to take judgment, reopen, or for further compensation, and also, in which no proceedings had been had or commenced by either party for more than one year prior to April 17, 1932.

On January 14, 1937, almost seven years after the settlement receipt was filed, plaintiff requested a certificate of judgment and a seven days' notice was sent by the department to the employer. On January 19, 1937, an order was issued recognizing the request as a petition for the review of payments, and the case was set for hearing. Plaintiff recognized said order and procedure for he gave notice of the taking of depositions for use at the hearing. On February 11, 1937, the department, evidently through some error, forwarded to the employer notice of request for certificate of judgment, but upon the department's attention being called to the error, it advised plaintiff's attorney that a certificate would not

be issued until after a hearing and a finding that plaintiff was entitled to the certificate. Thereupon plaintiff sought mandamus in this court. On April 19, 1937, after the instant mandamus proceeding was begun, defendant employer filed with the department a petition requesting approval of the final settlement receipt, or in the alternative, a review of the payments made. It claims that this is the proper method of procedure. Plaintiff, on the other hand, claims a certificate of judgment as a matter of course.

The question of the validity of general order No. 30 was considered in *Weaver* v. *Antrim Iron Co.*, 274 Mich. 493. We held that it was not a blanket approval of the settlement receipts so as to preclude parties from an opportunity of a further hearing. We stated the correct rule as follows:

"The validity of a general order might be questioned if it is claimed to be a blanket approval of thousands of settlement receipts without any other notice to the parties or opportunity given them for a hearing upon its application to the matter affected. The general order does not purport to have such effect nor has the department so treated its applicability. Its primary purpose was stated in *Giampa* v. *Chrysler Corp.*, 272 Mich. 327. The department has treated the order, not as a blanket approval of settlements, but as merely casting the burden of proof upon the party attacking the settlement and requiring such petitioner to show that the settlement should not be approved.

"The ordinary practice in adjudging such settlements would be to give notice to the parties and hear them. Instead of doing this in all cases, it is evident that the department, in order to avoid multiplicity of proceedings and conveniently to administer the law, has very properly taken occasion to examine into and adjudge the approval of old settlement receipts in connection with petitions to review payments or for

further compensation. It has also ordered hearings on settlements when a certificate has been sought for the purpose of instituting proceedings to recover a judgment at law.

"Obviously, the determination by the department of the approval of a settlement is the first step in such cases. If it be approved, the employee must show a subsequent change of condition in order to recover an award. If the settlement is not approved, the original award stands in full force, subject to the power of the department to review payments. Under its power to review payments, the department is called upon to determine the physical condition of the employee from time to time, after the settlement receipt was made, together with earnings, if any, payments made by the employer, if any, and his earning capacity, and then make such determination of the amount due him as the facts warrant. The amount thus found would be a sum for which the employee would be entitled to a certificate for judgment. * * * In so finding, the department first passed upon and denied approval of the settlement receipt, and then, on review of payments, determined that plaintiff was entitled to the whole of the original award. While, strictly speaking, the finding was not an award of compensation, it amounts to a determination of the sum for which plaintiff is entitled to a certificate for the purpose of proceedings at law. So construed and with such effect, the order is affirmed."

To like effect, see *Morgan* v. *Chevrolet Motor Co.*, 255 Mich. 602; *Stetu* v. *Ford Motor Co.*, 277 Mich. 468. In the cases cited by plaintiff, the point involved was not raised.

Plaintiff's petition for a writ of mandamus is denied, with costs to defendant.

Fead, C. J., and North, Wiest, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.