CHELLI *v.* AMERICAN BOSTON MINING CO.

1. WORKMEN'S COMPENSATION—SETTLEMENT RECEIPT—BURDEN OF PROOF—NONAPPROVAL—CHANGE OF CONDITION.

   Employee sustained burden of proof that settlement receipt should not be approved by introducing evidence in support of his allegation in petition for further compensation that his present physical condition was the result of the accident and had become worse so that he was unable to do other than light work.

2. Same—Timber Trammer—Settlement Receipt—Change of Condition—Question of Fact.

Whether or not physical condition of timber trammer in a mine had become worse since he had signed settlement receipt so that he was unable to do other than light work *held*, a question of fact upon which a finding for plaintiff by the department was supported by evidence.

3. Same—Settlement Receipt—Nonapproval.

Award of department of labor and industry to employee on his petition for further compensation some time after he had signed a settlement receipt was an effectual determination of nonapproval of such settlement receipt.

4. Same—Notice of Injury—Claim for Compensation—Statute of Limitations—Payments by Employer.

After employer had made payments of compensation for an accidental injury under an agreement with respect thereto, the two-year limitation within which to make notice of, and claim for compensation for, injury was no longer involved (2 Comp. Laws 1929, § 8431).

5. Same—Statutory Limitation on Duration of Payments to Appear in Order of Department.

Award of department of labor and industry on review of payments made to injured employee on petition for further compensation which ordered payments to continue until further order of the department should affirmatively state that payments ordered should not extend beyond 500 weeks from the date of injury (2 Comp. Laws 1929, § 8426).

Appeal from Department of Labor and Industry. Submitted January 3, 1939. (Docket No. 22, Calendar No. 40,301.) Decided April 4, 1939.

Paoli Chelli presented his claim against American Boston Mining Company for compensation for injuries sustained in defendant's employ. On petition for review of payments. Award to plaintiff. Defendant appeals. Modified and affirmed.

*Ray Derham*, for plaintiff.

*M. S. McDonough*, for defendant.

BUSHNELL, J.  Defendant was granted leave to appeal from an order of the department of labor and industry, which modified an award of compensation to plaintiff Chelli for partial disability at $7 per week from May 1, 1936, until further order.  The order of the department provided that compensation should be paid plaintiff for partial disability at the rate of $8 per week from January 1, 1932 to April 16, 1936, and thereafter $16 per week during the period of total disability and until the further order of the department.

Plaintiff was injured on January 29 or 30, 1929, while working in the Loretta Mine of defendant.  A piece of timber 8 inches wide, 1 inch thick, and 16 feet long fell down the mine shaft, a distance of about 22 feet, and struck plaintiff in his back and leg while he was bending over to hook a hoist line on other timber.  Chelli was knocked unconscious, taken to the hospital, and did not return to work until 51 days thereafter.  At the time of the injury he was working as a timber trammer, and when he returned to work he was given lighter employment. He worked as a puffer man for about a year, his duties being to operate the engine that controlled the bucket hoist.  After this, he worked for two or three days cleaning up the track and, in 1934, for two days he worked around the stock pile and cleaning up the yard.  Other than this, he never returned to heavy work after his injury.  The records of the department were not available at the hearing and the parties agreed that a compensable report had been filed; that a compensation agreement, dated February 25, 1929, set up plaintiff's wages as $24 per week; that compensation was paid him at the rate of $16 per week until March 31, 1929, and on April 5, 1929, a settlement receipt was filed

covering payments over a period of eight weeks and three days. There is no showing that this settlement receipt was ever approved by the department. No further payments were made to plaintiff, and on September 15, 1937, he filed a petition for review of payments in which he represented that since October 1, 1931, his physical condition had become worse, so that his earning capacity was lessened, et cetera.

Defendant interposed the plea of *res judicata* and claimed that the settlement receipt was a bar to any further action. Defendant also interposed a plea based upon the general statute of limitations,* in that the petition for review was not filed within six years from the date of the injury. Defendant also relied upon the limitations found in the workmen's compensation act, 2 Comp. Laws 1929, §§ 8431, 8432 (Stat. Ann. §§ 17.165, 17.166).

The testimony shows that from November 15, 1935, to April 15, 1936, plaintiff was employed by the Works Progress Administration at a wage of $44 per month.

Defendant's medical expert, Dr. Alexander, testified that he made a physical examination of plaintiff on December 3, 1937. The doctor said:

"He suffers from hypertrophic arthritis, which is generalized, not confined to any one area, and there is X-ray evidence of an arteriosclerosis, which is also generalized."

The doctor said, on cross-examination, that plaintiff was "totally disabled in the field of common labor," but he did not attribute the arthritic condition to the injury.

---

* See 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).—REPORTER.

Dr. Frederickson testified for the plaintiff, having had him under observation while a patient in the county infirmary. In answer to a hypothetical question this witness said: "I think the accident would be responsible for his condition." He was cross-examined as to the effect of any other injuries that plaintiff might have sustained and admitted that it was possible that intervening causes might have affected the situation, although he again repeated his opinion that he thought the accident caused plaintiff's back condition. The department said:

"We are convinced that a preponderance of the evidence establishes that plaintiff's back condition either resulted from the accident or was aggravated thereby causing disability which did not exist prior to the accident."

It is argued by appellant that, because of the department's general order No. 30 (see *Weaver* v. *Antrim Iron Co.,* 274 Mich. 493, 496), the burden is upon plaintiff to show that the settlement receipt should not be approved. The effect of general order No. 30 has been stated in several opinions of this court. Among these are *Giampa* v. *Chrysler Corp.,* 272 Mich. 327, *Weaver* v. *Antrim Iron Co., supra, Hurst* v. *Ford Motor Co.,* 276 Mich. 405, *Nevels* v. *Walbridge Aldinger Co.,* 278 Mich. 214, and *Poisson* v. *Department of Labor & Industry,* 280 Mich. 583. A like question was presented before the existence of general order No. 30 in *Weidner* v. *Northway Motor & Manfg. Co.,* 205 Mich. 583. Plaintiff did not attack the settlement receipt, his petition for review of payments being silent in this respect, and the question was raised by defendant's answer. Plaintiff sustained the burden of proof by introducing evidence in support of his allegation that his

present physical condition is a result of the accidental injury and has become worse so that he is unable to do other than light work. This was a question of fact for the determination of the department and there is testimony to support its findings. The opinion of the department includes a finding on the questions raised and its award is an effectual determination of nonapproval of the settlement receipt.

Appellant argues that the two-year limitation as provided by 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165), is a bar to plaintiff's petition. The last cited section has to do with the time during which notices of injury and claim for compensation shall be given, neither of which questions remained in the case after payments were made by defendant under the compensation agreement. *Maki* v. *School District of Wakefield Twp.*, 235 Mich. 689.

Appellant does not suggest that any of the payments included in the order were for a period "greater than five hundred weeks from the date of the injury," 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160), or that they begin prior to the six-year limitation * mentioned in the *Hurst Case.*

The award of the department on review should have affirmatively stated that the payments ordered shall, although continuing until further order of the department, not extend beyond 500 weeks from the date of the injury.

The order of the department is, therefore, modified and affirmed, and the cause is remanded for entry of an order in conformity with this opinion. Costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.

---

* See 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).—REPORTER.