GRYCAN v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—FINAL SETTLEMENT RECEIPTS.

While there is no express provision in the workmen's compensation act authorizing final settlement receipts, the practice of taking and filing them and of recognizing their validity rests upon administrative action by the department of labor and industry.

2. SAME — AGREEMENTS RELATIVE TO COMPENSATION — REVIEW OF PAYMENTS.

Provision of workmen's compensation act relative to effecting agreements as to compensation and their approval by the department of labor and industry can apply only to agreements in regard to compensation which are a substitute for an award made after hearing and such an approved agreement continues to stand, unless appealed from, as the decision of the department of labor and industry, and the only statutory method of ending, diminishing or increasing compensation so provided for is by way of review of payments (2 Comp. Laws 1929, §§ 8444–8447, 8453).

3. SAME—REDEMPTION OF WEEKLY PAYMENTS—APPROVAL BY DEPARTMENT.

Under special circumstances permitting it, weekly payments of compensation may be redeemed by payment of a lump sum by agreement of the parties, or creation of a trust fund into which the present value of the total unpaid compensation for which liability exists may be deposited, or by purchase of an annuity, but all methods of securing payment are subject to approval by the department of labor and industry (2 Comp. Laws 1929, §§ 8438, 8444–8447, 8463).

4. SAME—POWER TO END COMPENSATION.

When the method by which compensation may be ended is specially fixed by the statute, such statutory method of ending compensation is exclusive, and it does not lie within the power of the department of labor and industry to engraft upon the statute another method of permanently ending compensation than that prescribed by statute (2 Comp. Laws 1929, § 8453).

5. SAME—JURISDICTION OF DEPARTMENT—CONTINUANCE.

Under the workman's compensation act, the department of labor and industry having acquired jurisdiction, such jurisdiction continues until the expiration of the time for which compensation may be awarded, to award such compensation as the statute allows and the facts warrant.

6. SAME—FINAL SETTLEMENT RECEIPTS—REVIEW OF PAYMENTS.

Since a final settlement receipt is not, and cannot become, final until the expiration of the period for which compensation may be awarded, it has no other or different effect than an order of the department of labor and industry stopping compensation and must be viewed as an administrative method of obviating by agreement the necessity of proceedings to stop compensation under the statute providing for review of payments (2 Comp. Laws 1929, § 8453).

7. SAME—FINAL SETTLEMENT RECEIPT—APPROVAL.

The parties to a proceeding to recover workmen's compensation may, by settlement receipt, agree to stoppage, but, until such an agreement is approved by the department, it is noneffective.

8. SAME—PURPOSE OF THE ACT.

The purpose of the workmen's compensation act is to provide compensation at rates fixed by statute.

9. SAME—GENERAL ORDER APPROVING SETTLEMENT RECEIPTS—PURPOSE—CONSTRUCTION—JURISDICTION OF DEPARTMENT.

General order of the department of labor and industry, approving all settlement receipts filed prior to a given date, in which no proceedings had been had within one year before such date with like effect as if order had been specifically entered in each case, is construed as an approval of the settlement as made and of the time made and not purporting to adjudicate conditions subsequent thereto, as it was designed to prevent employees from obtaining court judgments upon awards in cases where unapproved settlement receipts had been filed and the employees had recovered wholly or partially from the injuries and preserved to the department jurisdiction to allow such compensation after the settlement as should be just.

10. SAME—SETTLEMENT RECEIPTS—BLANKET APPROVAL.

General order of department of labor and industry approving all settlement receipts in cases in which no proceedings had been had or commenced by either party for more than a year before

a given date *held*, in accordance with departmental usage, not a blanket approval of settlements, but to cast burden of proof upon party attacking settlement to show it should not be approved.

11. SAME—REVIEW OF PAYMENTS—PHYSICAL CONDITION—EARNINGS —PAYMENTS—EARNING CAPACITY.

Under the power to review payments, the department of labor and industry is called upon to determine the physical condition of the employee from time to time after the settlement receipt was made, together with earnings or payments, if any, and earning capacity, and determine amount for which employee is entitled under the facts (2 Comp. Laws 1929, § 8453).

Appeal from Department of Labor and Industry, Submitted October 11, 1939. (Docket No. 125, Calendar No. 40,497.) Decided December 19, 1939. Rehearing denied February 14, 1940. Reconsideration denied April 1, 1940.

Mike Grycan presented his claim against Ford Motor Company, employer, for compensation for injuries sustained in defendant's employ. On plaintiff's request for certificate for judgment and petition of defendant for review of payments. Award to plaintiff. Defendant appeals. Reversed and remanded.

*Robert A. Acchione*, for plaintiff.

*E. C. Starkey* and *W. J. Jones* (*Harry S. Toy*, of counsel), for defendant.

POTTER, J.   June 27, 1923, plaintiff suffered an accidental injury arising out of and in the course of his employment and claimed and was paid compensation by defendant. July 24, 1923, he returned to work. August 2, 1923, an agreement in regard to compensation was entered into between plaintiff and defendant for the injury sustained that he be paid $14 a week during total disability and at the proper rate per week during partial disability. August 14,

1923, plaintiff signed a settlement receipt for $37.34 in settlement of compensation due under the statute on account of injuries suffered by him June 27, 1923. This settlement receipt was not then approved by the department and no order was made thereon. August 20, 1923, a final report of accident was made by defendant.

June 22, 1937, plaintiff requested a certificate for entry of judgment under 2 Comp. Laws 1929, § 8452, as amended by Act No. 15, Pub. Acts 1934 (1st Ex. Sess.) (Comp. Laws Supp. 1935, § 8452, Stat. Ann. § 17.187).

June 29, 1937, defendant filed a petition for review of payments, alleging it had notice from the department of labor and industry that plaintiff was requesting a certificate of judgment, and asking that the matter be set down for hearing before the department in order to determine the amount of compensation, if any, plaintiff was entitled to, keeping in mind the ability of plaintiff to work and the statute of limitations as set forth in 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605). Plaintiff then moved to dismiss defendant's petition for review of payments and renewed his request for the issuance of a certificate of judgment covering that portion of the 500 weeks for which he had not been paid compensation at $14 a week, that is, for 494 weeks and 3 days, or $6,962.66. December 24, 1937, defendant objected to plaintiff's motion to dismiss its petition for review of payments, claiming its petition was filed under 2 Comp. Laws 1929, § 8453 (Stat. Ann. § 17.188); that it was entitled to a review of payments under the rule of *Oliver Iron Mining Co.* v. *Pneff,* 262 Mich. 116; that plaintiff was not totally disabled during the entire period since the injury; the petition to review payments was filed for the purpose of determining what payments, if any, the

department of labor and industry should issue a certificate for judgment on; if the department of labor and industry was without jurisdiction to hear the petition to review payments, it was without jurisdiction to issue a certificate of judgment; only by a hearing upon the petition to review payments could the department determine what payments, if any, were due plaintiff.

January 18, 1938, defendant's petition to review payments came on for hearing before the deputy commissioner who found plaintiff was entitled to receive compensation from defendant at the rate of $14 a week for total disability from June 24, 1931, to February 26, 1933, in accordance with the provisions of Act No. 10, Pub. Acts 1912 (1st Ex. Sess.) (2 Comp. Laws 1929, § 8407 *et seq.* [Stat. Ann. § 17.141 *et seq.*]).

March 15, 1938, defendant made application for review of the findings of the deputy commissioner because the award of the deputy commissioner was not in accordance with the facts and the testimony in the case. December 22, 1938, the award of the deputy commissioner was affirmed by the department of labor and industry. The department held the burden of proof rested upon defendant to show the settlement receipt should be approved; that the burden of proof was upon defendant to show plaintiff was not engaged in skilled labor at the time of the injury; that if he was engaged in skilled labor at the time of the injury, the burden was upon defendant to show he was able to return to work at such employment; that because of its opinion the burden of proof rested upon defendant, the department concluded the settlement receipt should not be approved. It said:

"Whichever party has the burden of proof has not sustained it."

It held the only time for which plaintiff could be awarded compensation was from June 24, 1931, to February 26, 1933; that the original compensation agreement remained in full force and effect; that the burden was on defendant to show plaintiff was not disabled as a result of the accident during the period from June 24, 1931, to February 26, 1933. It said:

"If the burden should be on the plaintiff to show disability during said period, then he has equally failed in his proof."

It further said:

"In the absence of any specific testimony indicating the extent of the trouble during the controverted period and the manner in which it then affected the plaintiff's earning capacity, we would be unable to find that the plaintiff had sustained the burden of proof, if such burden were upon him to sustain."

It held the burden was upon defendant to show plaintiff was not disabled during the period from June 24, 1931, to February 26, 1933.

Defendant appeals, claiming the final settlement receipt of August 14, 1923, was thereafter, July 17, 1933, approved by the department's general order No. 30, and that when plaintiff subsequently requested a certificate for judgment and defendant filed a petition to review payments, the burden of proving such settlement receipt should not be approved was upon plaintiff; that plaintiff having signed a final settlement receipt and returned to work at full wages, the burden was upon him to show he was engaged in skilled labor at the time of the accident and that after the date of the settlement receipt he was unable to return to work at the same or similar employment; that plaintiff having signed such final settlement receipt, the burden was upon

him to show he was further disabled during the period between June 24, 1931, and February 26, 1933, as a result of the accident of June 27, 1923.

There is no express provision in the workmen's compensation act authorizing final settlement receipts. The practice of taking and filing final settlement receipts, and of recognizing their validity, rests upon administrative action by the industrial accident board and its successor, the department of labor and industry. Following the usual and ordinary construction of the language of 2 Comp. Laws 1929, § 8444 (Stat. Ann. § 17.178), it applies, and can apply, only to *agreements in regard to compensation,* which are a substitute for an *award* made after hearing as provided for by 2 Comp. Laws 1929, §§ 8445–8447 (Stat. Ann. §§ 17.180–17.182). After an agreement is once made in regard to compensation and approved by the department of labor and industry, or after compensation is fixed after hearing before a deputy commissioner as provided by 2 Comp. Laws 1929, §§ 8445–8447 (Stat. Ann. §§ 17.180–17.182), such award so made by the deputy commissioner continues to stand, unless appealed from, as the decision of the department of labor and industry. The method fixed by statute by which compensation awarded in pursuance either of an agreement in regard to compensation between the parties under 2 Comp. Laws 1929, § 8444 (Stat. Ann. §.17.178), which has been approved by the department of labor and industry, or of an order and award under 2 Comp. Laws 1929, §§ 8445–8447 (Stat. Ann. §§ 17.180–17.182), may be stopped is on review of payments in pursuance of 2 Comp. Laws 1929, § 8453 (Stat. Ann. § 17.188), when such compensation so agreed upon and approved or so awarded may be *ended,* diminished or increased in accordance with

what the facts are found to be. Under some circumstances, the liability for weekly payments of compensation may be redeemed by the payment of a lump sum by agreement between the parties. If special circumstances be found which, in the judgment of the department of labor and industry, require it, the deferred payments may be *commuted* on the basis of the present worth thereof to be fixed as defined by statute to one or more lump sum payments. 2 Comp. Laws 1929, § 8438. A trust fund may be created to secure the further weekly payments of compensation by depositing the present value of the total unpaid compensation for which liability exists with an approved trust company, or by the purchase of an *annuity* in an insurance company granting such annuities, licensed by the State. 2 Comp. Laws 1929, § 8463 (Stat. Ann. § 17.198). Proceedings for the redemption of weekly payments, for their commutation under special circumstances, for the creation of a trust fund, or for the purchase of an annuity, are all subject to the approval of the department of labor and industry and are methods of securing payment of compensation, not of stopping it. When the method by which compensation may be *ended* is specially fixed by the statute, such statutory method of ending compensation is exclusive, and it does not lie within the power of the department of labor and industry to engraft upon the statute another method of permanently ending compensation than that prescribed by statute. Under the workmen's compensation act, the department of labor and industry having acquired jurisdiction, such jurisdiction continues until the expiration of the time for which compensation may be awarded. *Giampa* v. *Chrysler Corporation,* 272 Mich. 327; *Richards* v. *Rogers Boiler & Burner Co.,* 252 Mich. 52; *Kirchner* v. *Michigan Sugar Co.,* 206 Mich. 459. A final settlement receipt

is not, and cannot become, *final* until the expiration of the period for which compensation may be awarded. It has, and can have, no other or different effect than an order of the department of labor and industry stopping compensation. There is no more finality to it than to a departmental order stopping compensation. A so-called final settlement receipt must be viewed as an administrative method of obviating by agreement the necessity of proceedings to stop compensation under the statute providing for review of payments. 2 Comp. Laws 1929, § 8444 (Stat. Ann. § 17.178), provides that if the employer and the injured employee "reach an *agreement in regard to compensation* under this act, a memorandum of such agreement shall be filed with the industrial accident board,* and, if approved by it, shall be deemed final and binding upon the parties thereto. Such agreements shall be approved by said board *only when the terms conform to the provisions of this act.*" This court has recognized final settlement receipts under this section of the statute. In *Richards* v. *Rogers Boiler & Burner Co.,* 248 Mich. 155, it was said by Justices FEAD and POTTER, adopting the language of Commissioner Rhoads:

"A final settlement receipt does not occupy the same status as an award unless it is filed and approved by the department. This receipt was filed but it was not approved. It lacks the second essential. The settlement receipt in this case has the same status as any ordinary receipt. Evidence is admissible to show that the circumstances stated therein, and the amount, do not constitute payment in full for the injury. In other words, if the receipt does not correspond to the facts in the case, or if plaintiff

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—REPORTER.

is still incapacitated due to the original injury, then compensation must be paid in accordance with his disability. However, *he has the burden of proof in showing that the receipt is not in accordance* with the facts."

On rehearing in *Richards* v. *Rogers Boiler & Burner Co.,* 252 Mich. 52, Justices Wiest, Clark, Sharpe, and North held:

"The parties may, by settlement receipt, agree to stoppage, but, until such an agreement is approved by the department, it is noneffective."

Justices Butzel, McDonald and Potter approved the language used in the dissenting opinion in *Richards* v. *Rogers Boiler & Burner Co.,* 248 Mich. 155, above quoted. Justice Fead concurred in the result. He had already approved this language in the dissenting opinion in *Richards* v. *Rogers Boiler & Burner Co.,* 248 Mich. 155.

After the decision on rehearing of that case, the department of labor and industry entered general order No. 30 * which, upon motion of defendant, was made a part of the record herein. General order No. 30 provided, among other things:

"All final settlement receipts filed in any and all cases prior to the 17th day of April, 1932, in which cases no proceedings have been commenced to take judgment, reopen, or for further compensation, and in which no proceedings have been had or commenced by either party for more than one year prior to the said 17th day of April, 1932, shall be and are hereby approved by the commissioners of the department of labor and industry, with like effect as if this order had been specifically entered in each and every of said cases."

This order was considered by the court in *Giampa* v. *Chrysler Corporation, supra.* It was there said:

---

* Dated July 17, 1933.—Reporter.

"Once the department takes jurisdiction of an injury *it retains it to the end of the compensable period,* to award such compensation as the statute allows and the facts warrant."

This was in accordance with the statute.

"The purpose of the compensation law is compensation at rates which the law itself, directly or indirectly, but certainly, fixes. Claimant is entitled to receive, and his employer is obligated to pay, no more and no less than the statute compensation." *Kirchner* v. *Michigan Sugar Co., supra,* 465.

It was said of general order No. 30:

"It was an approval of the settlement as made and of the time made and does not purport to adjudicate conditions subsequent thereto. As indicated by the opinion of the department, the *primary purpose of the rule was to prevent employees from obtaining court judgments upon awards in cases where unapproved settlement receipts had been filed and where the employees had recovered wholly or partially from the injuries,* and, thus, to preserve to the department jurisdiction to allow such compensation after the settlement as should be just." *Giampa* v. *Chrysler Corporation, supra.*

This order has been before the court in later cases. *Weaver* v. *Antrim Iron Co.,* 274 Mich. 493; *Wright* v. *Mitchell Brothers Co.,* 275 Mich. 591; *Hurst* v. *Ford Motor Co.,* 276 Mich. 405; *Stetu* v. *Ford Motor Co.,* 277 Mich. 468; *Nevels* v. *Walbridge Aldinger Co.,* 278 Mich 214; *Poisson* v. *Department of Labor & Industry,* 280 Mich. 583; *Chelli* v. *American Boston Mining Co.,* 288 Mich. 441.

In *Weaver* v. *Antrim Iron Co., supra,* it was said:

"The department has treated the order, not as a blanket approval of settlements, but as *merely cast-*

*ing the burden of proof upon the party attacking the settlement* and requiring such petitioner to show that the settlement should not be approved. * * *

"It is evident that the department, in order to avoid multiplicity of proceedings and conveniently to administer the law, has very properly taken occasion to examine into and adjudge the approval of old settlement receipts in connection with petitions to review payments or for further compensation. * * *

"Under its power to review payments, the department is called upon to determine the physical condition of the employee from time to time, after the settlement receipt was made, together with earnings, if any, payments made by the employer, if any, and his earning capacity, and then make such determination of the amount due him as the facts warrant."

In *Poisson* v. *Department of Labor & Industry, supra,* the court quoted with approval what was said in *Weaver* v. *Antrim Iron Co., supra,* in relation to general order No. 30:

"Its primary purpose was stated in *Giampa* v. *Chrysler Corporation,* 272 Mich. 327. The department has treated the order, not as a blanket approval of settlement, but as merely casting the burden of proof upon the party attacking the settlement and requiring such petitioner to show that the settlement should not be approved."

*Richards* v. *Rogers Boiler & Burner Co.,* 252 Mich. 52, declared the rule that where a settlement receipt was approved, claimant had the burden of proof of showing that the receipt was not in accordance with the facts. General order No. 30 provided final settlement receipts filed prior to April 17, 1932, in which no proceedings had been had or commenced by either party for more than one year prior to April 17, 1932, should be approved "with like effect as if this order

had been specifically entered in each and every of said cases." The decisions of this court show that general order No. 30 has been given force and effect by this court as a procedural rule placing the burden of proof upon the party attacking the settlement receipts approved by general order No. 30. Unless this court is to reverse its holding in the cases above cited, it must hold the burden of proof is upon the party attacking the settlement receipt approved by general order No. 30 to show that such settlement receipt should not have been approved, and to show such a change in condition as to entitle him to recover compensation.

Award of the department of labor and industry is reversed, without costs, and the cause remanded.

BUTZEL, C. J., and BUSHNELL, SHARPE, CHANDLER, and MCALLISTER, JJ., concurred with POTTER, J. NORTH, J., concurred in the result.

WIEST, J. (*concurring in part*). I concur in holding the burden of proof was on plaintiff, but do not join in the extraneous observations of the opinion.